such rule, the entry of the clerk in a book kept by him for that pur-

---

## LACOMPTE v. SEARGENT.

No principle of law is better settled than, that an executor or administrator is, for every purpose, the owner of the moneys of his testator or intestate, which have come to his hands. Therefore, where an administrator took a note for money loaned, in which note he was named A. B., administrator, &c. the individual debts of the administrator may be set off against the note.

Appeal from the Circuit Court of Ste. Genevieve county.

SCOTT & ZEIGLER for Appellant.

COLE for Appellee.

*Opinion of the Court, delivered by Tompkins, Judge.*

Ichabod Seargent sued Eloy Lacompte and Joseph Bogy in the circuit court of Ste. Genevieve county, and obtained judgment against them. They appealed from that judgment, and Bogy dying in the mean time, Lacompte, the surviving partner, prosecutes the appeal.

The suit was founded on a note in these words, viz: "Received of Mr. Ebenezer Dickey, administrator of the estate of Antoine Simmino, deceased, seven hundred dollars, which we will pay him at any time, clear of interest.

(Signed)        BOGY & LACOMPTE."

On which note or receipt, (as it is called,) were endorsements, made by Dickey, of payments to the amount of

Lacompte
v.
Seargent.

five hundred and forty-six dollars and fifty-nine cents. The circuit court gave judgment for one hundred and sixty-four dollars and forty-one cents, the balance due in the note after deducting the credits endorsed. The defendants in the circuit court offered in evidence certain orders made by the said Dickey to them to pay money, which it was admitted they had paid; and they proved also, that said Dickey had purchased from them certain articles of merchandise after the deposit of said sum of money. And it was admitted that the said Dickey had no account with them before said deposit of money, and that all the moneys proved to be paid by them, were paid while Dickey was administrator, and also that the goods were purchased while he was administrator as aforesaid. And on the part of the defendants, it was admitted, that the said Seargent was administrator *de bonis non,* of the said Antoine Simmino, in the place of said Dickey.

These facts being admitted to be proved, the circuit court rejected the evidence of moneys paid, and also of the goods purchased by Dickey from the defendants below, while he was administrator as aforesaid.

No principle of law is better settled than, that an executor or administrator is, for every purpose, the owner of the moneys of his testator or intestate which have come to his hands.—Therefore, where an administrator took a note for money loaned, in which note he was named A. B, administrator, the individual debts of the administrator maybe set off against the note.

No principle of law is more generally acknowledged, than that the executor or administrator is, for every purpose, the owner of the moneys of his intestate which have come to his hands. Accordingly a cou t, on a promise made by a defendant, as administrator, to pay money received by him as such, to the plaintiff's use, cannot be joined with another count on promises made by the intestate. See 4 Durnford and East, 347: Farr and others v. Newman, et al. The money, then, for which the note here sued on was given, was the money of Ebenezer Dickey, subject, in the hands of the defendants, Bogy and Lacompte, to their claim for all sums which they may have paid on the order of Dickey, after the deposit was made, and also the price of the goods which he afterwards purchased from them, was a fair set off against their note; and the circuit court ought to have permitted them to give evidence of those several sums of money paid by them, on the order of Dickey ; and of the goods sold to him. The words, "Administrator of the estate," &c., used

in the note given by Bogy and Lacompte, are mere *descriptio personœ*.

Because, then, the circuit court did not permit such evidence to be given, its judgment is reversed, and the cause is remanded, to be proceeded in as above directed.