## DISTRIBUTEES OF HALL vs. ANDREWS, Adm'r.

1. Where any of the distributees of an estate have died, it is error to proceed to a final settlement without bringing in their legal representatives.

Error to the Orphans' Court of Dallas.

Geo. W. Gayle, for the plaintiffs.

Evans, for defendant.

DARGAN, C. J.—This was a proceeding in the Orphans' Court of Dallas, for the purpose of making distribution of the estate of Richard Hall, deceased, amongst his distributees. It is shewn that several of the distributees, who were the children of Richard Hall, had died subsequent to the death of their father, all of them leaving children who are minors and entitled to receive from the estate of their grand father the shares that would have been allotted to their parents, had they been living. No letters of administration have been taken out on the estates of the deceased children of Richard Hall, but none of them were indebted at the time of their death, and the only use of administration would be to divide the shares that each was enti-

tled to receive amongst their children. All the distributees appeared and guardians *ad litem* were appointed for the infant children of those distributees, that had died. It also appeared that several of the children of Richard Hall, who had died, had been advanced by their father in his life time. The guardians *ad litem* for the minor children of the deceased distributees and the court thinking it for their interest that such advancement should be brought into hotch-pot, it was so ordered. After the order and decree directing the division to be made had been rendered, Athelstone Andrews, the husband of Elizabeth, who was a daughter of Richard Hall, but who had departed this life, presented a petition as the father of her children, praying that the order of division be set aside, on the ground that Cynthia, a slave, had been valued as property given by Richard Hall, by way of advancement to his daughter, when in truth said slave was given to Elizabeth by her grand mother and never was the property of Richard Hall. On the filing of this petition the court ordered the administrator to stay all further proceedings under the decree, directing a division of the estate, and that he appear at the next term of the Orphans' Court and show cause why the decree ordering the division should not be revoked. At the next term the administrator appeared and the petition was dismissed. These are the material facts presented by the record, upon which the plaintiffs have assigned several errors. We propose, however, to examine only the one which questions the propriety of the decree, because no legal representatives of the estates of the deceased distributees were before the court.

The object of all litigation is, to settle, finally and conclusively, the rights of the parties in respect to the subject matter in controversy. This cannot be done unless the parties legally entitled are before the court as parties to the proceeding. It is clear that if an administrator should be hereafter appointed on the estate of any of the deceased distributees, this decree of distribution would not be binding on him and he could call the administrator to an account for the distributive share of his intestate, and this decree would form no bar to his demand. The correct practice in the final settlement of estates when any of the distributees have died, is to have a legal representative appointed and made a party to the proceedings before a distribu-

4

tion is made by the Orphans' Court. Much litigation and many inconveniences would ensue from the non-observance of this rule; for instance, if an administrator should hereafter be appointed on the estate of Elizabeth Andrews, he would have the right to deny that the slave Cynthia was received by his intestate from Richard Hall as an advancement in his life time, and that question which is supposed to be settled by this decree would again be litigated: Or suppose some of the slaves allotted to the infant children of the deceased distributees should die, could not an administrator subsequently appointed insist that the loss should be borne by the whole estate, as he was not bound by the decree? Many other cases might be supposed that would show the inconvenience and impropriety of proceeding to a final settlement of an estate, without having all the parties legally entitled before the court, in order that the decree might be final and conclusive on the rights of all interested; these, however, are sufficient to show the impropriety of departing from the correct rule of practice. The decree of final settlement is defective, as the legal representatives of the deceased distributees were not parties to the proceeding. It must therefore be reversed and the cause remanded for further proceedings.