Frowner et al. v. Johnson et al.

---

## FROWNER ET AL. *vs.* JOHNSON ET AL.

1. Upon a bill filed in the Court of Chancery for the distribution of an estate, if one of the distributees dies after the commencement of the suit, it must, as a general rule, be revived against his personal representative; and a failure so to revive will be error, although the objection is not raised in the court below.

2. A decree of distribution having been made to the children of a deceased distributee, the assignment that there is error in the decree of distribution presents the question whether the sums decreed were distributed to the proper parties.

3. The plaintiff in error will not be decreed full costs in the Appellate Court, when the error, for which the decree of the court below is reversed, might have been remedied if the objection had been raised in the primary court.

ERROR to the Chancery Court of Mobile.

Tried before the Hon. J. W. Lesesne.

PERCY WALKER and RAPIER, for plaintiffs in error.

1. Elizabeth C. Acre was a devisee under the will, which was sought to be set aside. She was an essential party. The bill prayed that she be made a defendant; but she was never brought before the court by service of process; nor did she voluntarily appear and submit to its jurisdiction. The decree, on this account, cannot be sustained, whether she and the other defendants below, or the other defendants without her, object to it. McMaken v. McMaken, 18 Ala. Rep. 578; Batre et al. v. Auze's Heirs, 5 Ala. Rep. 173; Story's Eq. Pl. 76; 1 Peters 299; Cockburn v. Thompson, 16 Ves. 325; Inge et al. v. Boardman, 2 Ala. Rep. 335.

2. As to the amendment of the bill: There was issued a notice of application to amend. This notice was not served by the sheriff; but purports to have been acknowledged by this party; but there was no proof of her acceptance of service, and in such case, that which purports to be acceptance of service is not *prima facie* evidence of notice to her. 9 P. 426; 7 P. 171; 3 Ala. Rep. 276.

The affidavit of the non-residence of the defendant, King, is defective in not setting out, as required by rule, whether he was a minor or not.

The eighth rule of Ch. Prac. (Clay's Digest 613) authorizes the Register to make orders allowing amendments; but such orders shall only be made upon five days notice to the adverse party. The defendant, King, had no notice; nor had Caroline E. Acre notice; for there is no proof that she accepted service.

The thirteenth rule Ch. Prac. requires that amendments shall be served within sixty days after they are filed, or they shall be considered as waived. In this case there was a material amendment, and no service of it was attempted to be effected upon King and Caroline Acre. Yet the amendment was not regarded as waived, and the cause progressed as if notice had been given.

3. As to the revivor on the death of Mrs. Johnson. The death of Mrs. Johnson, one of the complainants, was suggested in February, 1845. The suit could only be revived in the names of her heirs, by bill of revivor. The fifteenth rule Ch. Prac., authorizing a revivor by *sci. fa.*, applies only to a case

where an administrator or executor is sought to be made a party.   The term personal representative means an executor or administrator.   2 Bouvier's Law Dict. 319; 5 Ves. 402; 2 Ala. Rep. 335; 4 P. 245.   The revivor as a revivor by *sci. fa.* is altogether irregular and insufficient.

All applications to the Register, when a notice is required, should be in writing. (Rule 9, Ch. Prac.)   There was no such written application.

Whether the proceeding is by bill of revivor, or by *sci. fa.*, notice to the parties in interest must be given.

Notice addressed to defendants, Frowner and wife and Magee, was issued in February, 1845, notifying them that an order of revival would be made, unless cause to the contrary was shown, &c.   Service of this notice purports to have been accepted by Frowner for himself and wife; but there is no proof of Frowner's signature, and it is as if no service had been made. (See authorities on this point, Supra.)   But if the proceedings had in the court below, since the pending of the cause in this court, should be regarded as establishing the acceptance of service by Frowner; yet his acceptance of service for his wife was not authorized, and was insufficient to conclude her rights.   The bill seeking to affect her separate estate, service of subpœnas and notices upon her husband alone was not sufficient, but should have been both upon husband and wife.   1 Barbour's Ch. Prac., p. 50, and authorities there cited.

After notice issued that an order of revival would be made, &c., the Register made an order that *sci. fa.* issue in favor of the heirs of Mrs. Johnson to revive according to rule.   No *sci. fa.* issued pursuant to this order.

All orders for the revival of proceedings must be regularly served.   3 Daniel's Ch. Prac. 1709; 1 Harr. 71; 5 Ala. Rep. 173.

It is error to proceed to a decree on a bill of revivor, without process on the bill of revivor executed.   Sweet v. Bigg, 5 Litt. 17; Shields v. Craig, 6 Monroe 373.

In a proceeding to revive, the question of the competency of the parties to revive is a material one, and the parties already upon the record must have an opportunity to contest the right of the reviving party. 2 Sumner 383; 11 Ves. 311.

The vitality of the cause having been suspended by the death of the complainant, and not being regularly revived, no decree could be rendered affecting the interest of the defendant. Cullum et al. v. Batre's executor, 2 Ala. Rep. 419.; 1 Ala. Rep. 725; Story's Eq. Pl. 397, 369. Conceding that an irregularity in the proceedings to revive may be waived, there is nothing from which a waiver, by plaintiffs in error, can be inferred. See 2 Ala. Rep. 419, above cited.

Again: the revivor should have been in the name of the administrator of the deceased, and not in the name of her heirs.

PHILLIPS and SEWALL, for defendants.

One of the appellants in error having shown to the court that she has not authorized the writ of error, and does not desire the reversal of the decree, the assignment of error must be made by the other appellants alone. Cullum v. Batre, 1 Ala. Rep. 126.

The decree cannot be reversed for any error which effects the appellant alone, who is content with the decree. Bumpas v. Webb, 4 Port. 66; Barker v. Callahan, 5 Ala. Rep. 708.

Where record shows that publication was ordered against non-resident defendant, the court will presume that the fact of publication was made. Swift v. Stebbens, 4 S. & P. 447. Nor is a defect in the order of publication available on error. McGowen v. Branch Bank, 7 Ala. Rep. 823; Cowart v. Howard, 12 Ala. Rep. 265.

Defendant in contempt not entitled to notice, to state the account, and can make no objection to irregularity. Mussina v. Bartlett, 8 Ala. Rep. 277; Butler v. Butler, 11 Ala. Rep. 668.

Proof of acceptance of service by Frowner of the *sci. fa.* to revive the bill, may be made *nunc pro tunc* even after writ of error sued out. Cullum v. Batre, 2 Ala. Rep. 419; Moore v. Horn, 5 Ala. Rep. 234; Godbold v. Megginson, 16 Ala. Rep. 143. And the acceptance in his and his wife's name was good as to her. Hollinger v. Branch Bank, 8 Ala. Rep. 605. But if service were not good as to Mrs. Frowner, the assignment of error being made jointly with her husband, cannot be noticed by this court.

The objection that the administratrix of Mrs. Johnson should have been made a party complainant in the bill to revive, cannot be sustained; there is no such requisition, where a married woman dies who has filed a bill jointly with her husband and others; and if such were the law, the objection cannot be made for the first time in this court. Gayle v. Singleton, 1 Stew. 566; Batre v. Auze, 5 Ala. Rep. 573; Rugeley et al. v. Robinson, 10 Ala. Rep. 702; Butler v. Butler, 11 Ala. Rep. 668; Alderson v. Harrison, 12 Ala. Rep. 580. Nor if the objection could be here raised would the court notice it, because not among the errors assigned.

Mere technical defects and irregularities are waived, by the party subsequently proceeding in the cause without objection. Cullum v. Batre, 2 Ala. Rep. 419; Batre v. Auze, 5 Ala. Rep. 173; Davenport v. Bartlett, 9 Ala. Rep. 180; Holman v. Bank of Norfolk, 12 Ala. Rep. 369; Rail Road Co. v. Talman, 15 Ala. Rep. 472.

GOLDTHWAITE, J.—This was a bill filed by the defendants in error against the plaintiffs, to set aside the will of Samuel Acre, and for distribution of the estate, as in case of intestacy.

In the progress of the case, an issue of *devisavit rel non* was *awarded* and tried in the law court, which resulted in a verdict against the will, which being certified to the Chancery Court, a decree was there rendered setting aside the will. After this, and before an account of the assets of the estate was taken, Margaret Johnson, one of the complainants and a distributee of said estate, died, and thereupon a *scire facias* was issued to the *children* and *heirs* of said Margaret, to make them co-complainants, and to revive in their names. The suit was so revived, nothing being shown on the record why the personal *representative* of said Margaret was not made a party complainant as well as the children, the will of the said Acre embracing personal as well as real estate. Upon the final decree, the children of Margaret Johnson were decreed the distributive share, which would otherwise have been decreed to said Margaret. No objection was made in the court below for the want of proper parties. The general assignment, that there is error in the decree of distribution, brings,

as we think, properly before this court for revision, not only the errors which enter into it, resulting from the adoption of erroneous principles of law or equity in arriving at the result, but also whether the sums so distributed are decreed to the proper persons; if, in other words, there is not an interest outstanding in a stranger to these proceedings, which may afterwards be asserted against the plaintiffs in error, and require all the proceedings in this case to be overhauled. The rule is, that when there is a party having an interest in the subject matter of the litigation, whose interest cannot be concluded by the decree, and who may afterwards proceed for the recovery of his interest, as though no decree had been rendered, then the Court of Chancery, as it cannot act definitely on the rights of the parties, and might do injustice to others by a decree grounded upon a partial view only of the real merits, will not proceed until such absent party is brought before it. Such person is an indispensable party, and the objection that he was not brought before the court can be taken for the first time in the Appellate Court. Gould v. Hayes et al., 19 Ala. Rep., and cases there cited. In the case of Hall's Distributees v. Andrews, 17 Ala. Rep. 40, which involved the precise question we are now considering, this court uses the following language: "The object of all litigation is to settle, finally and conclusively, the rights of the parties in respect to the subject matter in controversy. This cannot be done, unless the parties legally entitled are before the court as parties to the proceeding. It is clear, that if an administrator should hereafter be appointed upon the estate of any of the deceased distributees, this decree of distribution would not be binding on him, and he could call the administrator to an account for the distributive share of his intestate, and this decree would form no bar to his demand." The case last cited, it is true, was on error from the Orphans' Court; but the reasons of the decision are applicable in their full force to chancery practice. We do not say that there may not be cases, where it is allowable for the distributee of a deceased distributee to take without the intervention of an administrator, but those cases are properly regarded as exceptions to the general rule, and to sustain them it is necessary to show affirmatively that an administration would have

been a useless ceremony. 16 Ala. Rep. 494. We are not advised that there are no debts existing against the estate of Margaret Johnson; neither does the record inform us that there is not an administrator, and the whole property here decreed to the children of Margaret Johnson may be needed to pay her debts. If her distributees wished to avoid the expense of an administration, it was incumbent upon them to show there was no necessity for it; and this not being done, such representative becomes *prima facie* an indispensable party, and the decree which vests the distributive share of Mrs. Johnson in her children, and furnishes the representatives of Acre no estoppel against a subsequent suit of the personal representative of Margaret Johnson, was clearly erroneous. Our decision upon this point renders it unnecessary to consider the other questions raised upon the record.

The proceedings had in the court below must be reversed back to the point where the error commenced, which is the issue of the *sci. fa.* to revive in the name of the children of Margaret Johnson; that her administrator may be made a party complainant, and the suit revived in his name as her personal representative. In all other particulars up to that point it is affirmed.

We do not think this a proper case for full costs to the plaintiff in error. The objection on which we have reversed could have been remedied had it been made in the court below, and for that reason let each party pay half the costs of this court.