PLUNKETT ET AL. *vs.* KELLY ET AL.

<div style="margin">22  655)<br>130  539</div>

1. When a bill is filed for the settlement of an estate by several complainants, claiming to be next of kin of the decedent, and one of them claims through his father, who died *after* said decedent, there is a misjoinder of complainants which is fatal on general demurrer.

ERROR to the Chancery Court of Dallas.

Heard before the HON. JAMES B. CLARK.

This was a bill in chancery filed by the plaintiffs in error, in which they charge, that on the 19th of May, 1836, Matthew Plunkett died intestate in Dallas county, leaving neither

widow nor children, and possessed, at the time of his death, of a considerable estate, both real and personal, situated in said county; that defendant, Whitted, was duly appointed his administrator,and gave bond and entered upon the office. It is further alleged, that some time before the death of Matthew, in January, 1835, Christopher Plunkett departed this life, leaving a widow, but no children, and that Matthew was his only brother; that he left no sisters surviving him; that Matthew administered upon his estate, and, after obtaining an order of sale, sold the personal property, a considerable portion of which was purchased by the widow, who gave no note for the payment thereof, but consented to have the amount credited upon her share of the estate on a final settlement; that she afterwards married Kelly, who became administrator *de bonis non* of Christopher Plunkett's estate; that they filed a bill against the administrator of Matthew Plunkett, for a settlement and distribution of his estate, and recovered $1700; that complainants are the next of kin of both Matthew and Christopher, and that they were not parties to the decree in favor of Kelly and wife, nor in any wise bound by it.

The bill further charges, that there is a large balance in the hands of Kelly and Whitted, belonging to their respective estates, an account of which is claimed. In deducing his title to the property, Richard Plunkett, one of the complainants, avers that he is the son of James Plunkett, jr., who died *after both Christopher and Matthew*, and he claims through him; that one Lovett has administered on his estate.

The bill prays an account of the administration of the two estates, and distribution to be made, &c.

The defendant Whitted demurred to the bill, for multifariousness, and for want of equity. The Chancellor sustained the demurrer upon the last ground, and dismissed the bill; and to reverse this decree, the present writ of error was sued out.

GAYLE & GAYLE, for plaintiffs in error:

It is conceded that Richard Plunkett was an unnecessary party. The administrator of his father, James Plunkett, however, is made a party. Should the whole bill, then, have been dismissed on that account? Could it not have

been dismissed as to Richard only? or should it not have been disregarded, as in Colgin *et al.* v. Redman, 20 Ala. 658? Richard, though an unnecessary party, has an interest in the suit through his father's representative; and there is no reason why he should not be dealt with as tenderly as a creditor.

LAPSLEY & HUNTER, *contra*:

There was a fatal misjoinder in making Richard Plunkett a party complainant. His father, James Plunkett, died after the deaths of Matthew and Christopher. Under our decisions, the administrator of James was the only person who could proceed for the recovery of his share of the estates. Hall v. Andrews, 17 Ala. 40; Gardiner v. Gantt, 19 ib. 666; Story's Eq. Pl. 498 §§ 508, 509.

The bill was also demurrable for multifariousness, because it seeks the settlement of two separate estates. No reason is alleged for charging Whitted, as administrator of Matthew, in the same bill with Kelly, as administrator of Christopher. McIntosh v. Alexander, 16 Ala. 87; Felder v. Davis, 17 ib. 419; Story's Eq. Pl. 295 §§ 271 *et seq.*

CHILTON, C. J.—It is very clear that the bill contains no equity as to Richard Plunkett, who claims through his father, James, the latter having died since the decease of Matthew and Christopher, whose estates are sought to be settled and distributed. The interest in these estates which Richard claims, became vested in his father before his death, and goes to his administrator. It has been several times decided by this court, that when a distributee of an estate has died, his personal representative is an indispensable party to proceedings for the distribution of the estate; and that proceedings ordering distribution in his absence, were erroneous. Distributees of Hall v. Andrews, 17 Ala. Rep. 40; Gardner v. Gantt, 19 ib. 666; 18 ib. 184. It follows, therefore, that Lovett, the administrator, and not Richard Plunkett, the distributee of James Plunkett, jr., deceased, was the proper person to be made party complainant to recover the share of these estates, to which James became entitled before his death.

There was, then, a clear misjoinder of parties complainant,

and the demurrer was properly sustained. See Wilkins v. Judge, 14 Ala. Rep. 135.

Let the decree of the Chancellor be affirmed.