LESSING, MAYER & Co., Plaintiffs in Error, v. JAMES C. VERTREES *et al.*, Defendants in Error.

32  431
56a 263

32  431
87a   7

*Administration—Title.*—Although the administrator or executor is entitled to the personal effects and choses in action of the decedent, he holds them only as trustee for the creditors and next of kin, and not for his own benefit; therefore the effects of the decedent cannot be seized by a judgment creditor of the administrator in payment of the debt of such administrator. Nor are the payees of a note given to the administrator for goods of the decedent sold by him, liable as garnishees to a judgment creditor as being debtors of such administrator. (The cases of Lecompte v. Sergeant, 7 Mo. 351, and Thomas v. Relfe, 9 Mo. 377, overruled.)

*Error to Ray Circuit Court.*

Henry Binswanger, as administrator of Solomon Binswanger, deceased, had sold the goods of the intestate, and taken in payment the notes of the defendants, Vertrees et al., payable to himself as administrator, and upon such notes, upon default of payment, had obtained judgment. The plaintiffs, having obtained judgment against Henry Binswanger, issued execution and summoned the defendants, Vertrees et al., as garnishees of said Henry. The garnishees answered, setting up the purchase of the goods and giving of the notes to Henry as administrator, and concluded by denial of all indebtedness to said Henry. Issue was taken by the plaintiffs upon the answer, and the facts submitted to the court, which held that the garnishees were not liable as debtors of Henry Binswanger, and gave judgment for said garnishees. From this decision the plaintiffs appealed.

*Aikman Welch,* for plaintiffs in error.

I. The only question in this case is, where a note is taken by an administrator for goods of his intestate, sold by him, and a suit is afterwards instituted on such note by the administrator in his individual name, and a judgment is recovered in his individual name, whether the judgment debtor in such judgment is subject to garnishment at the instance of an individual creditor of such administrator for the private debt of such administrator.

By the common law, an administrator became the owner of the personal estate of his intestate, and held the legal title thereto. (Com. Dig. 132; Coke Litt. 388; 1 Williams on Exec. 449.) And this must be held to be the law of this State, unless such common law has been changed by statute.

In this State, in Lacompte v. Sergeant, 7 Mo. Rep. 351, this is declared to be the law, and the individual debts of the administrator were permitted to be set off against a demand due to the intestate. This doctrine was re-affirmed in this

court in the case of Thomas et al. v. Relfe, adm'r of Hunt, 9 Mo. 373.

If this doctrine shall be held to be correct, it will then follow that the garnishment in this case was well taken, and the judgment of the court below was then clearly erroneous.

II. At common law, the recovery of the personal property of an intestate, in the individual name of the administrator, was a conversion of such propererty of the intestate, and regarded as a *devastasit.* The property then became the absolute individual property of the administrator, and subject to his debts. (Quick v. Staines, 1 Bos. & Pul. 293; see also Farr. et al. v. Newman et al. 4 T. R. 621; Jones et al. v. McNeill et al. 1 Hill, S. C., 56.)

The administrator is the owner of the personalty of his intestate, and can sell the same without any order of court, and such sale is valid and passes the title.

Although the creditors of an estate might complain of the application of the funds of the estate to the discharge of the debts of the administrator, yet the administrator cannot so complain. (Jones et al. v. McNeill et al. 1 Hill, S. C., 56.)

*Ryland & Son*, for defendants in error.

I. As to the property in the notes and judgment:

In whom was the property and ownership of the judgment obtained by H. Binswanger on the notes given upon the consideration of the sale, by order of the Probate Court of Clay county, of the goods, wares and merchandise of Solomon Binswanger's estate? We say, emphatically, the property of the estate of Solomon Binswanger, deceased.

Though the words " administrator of A. B.," on the face of the note, may be considered as *descriptio personæ*, and when justice requires it will be thus considered, yet in this case the proof shows that the property sold (the consideration of the notes) was the property of the estate of Solomon Binswanger, and was not Henry's property. The issue was fairly made as to whether the note was evidence of a debt due Henry, or due to Solomon's estate, and the proof is clear that

it was not to Henry, but to Solomon's estate, the money was coming.

Surely the simple fact that the attorneys for the administrator, bringing the suit on notes which might well be brought as administrator, or as an individual simply, cannot have any such effect as contended for by the plaintiffs in this action. Newlin and others, securities for H. Binswanger, were not willing for him to have the notes; and, when they became due, they, at H. Binswanger's order, brought suit on them for the benefit of the estate, and not as H. Binswanger's own private property. (See 2 R. C. 1855, p. 1462; Farr v. Newman et al., 4 Tenn. 344, t. p.; 8 Mo. 161; 7 Mo. 351.)

BAY, Judge, delivered the opinion of the court.

The question presented for our consideration in this case is, whether the personal property and effects of a decedent, in the hands of his executor or administrator, can be seized by a judgment creditor of such executor or administrator, and applied to the payment of the individual indebtedness of such executor or administrator.

The plaintiff in error contends for the affirmative of this proposition, and relies chiefly upon the decision of the Supreme Court of this State, in Lecompte v. Sergeant, 7 Mo. 351, in which Judge Tompkins, in delivering the opinion of the court, said: "No principle of law is more generally acknowledged than that the executor or administrator is, *for every purpose*, the owner of the moneys of his intestate which have come to his hands."

The same doctrine was acquiesced in, in Thomas v. Relfe, 9 Mo. 377; but, after a careful examination of the question, we are at a loss to discover any good reason upon which it can be maintained. It is true, that at common law the legal property in the personal estate of the testator vests, on his death, in the executor, and for many purposes may be regarded as the owner. He may, for instance, maintain an action for a wrongful conversion of the property, or for any injury to the property, in his individual name, and for every

purpose necessary to enable him to discharge the duties of his office he is regarded in law as the owner of the property. As a necessary incident to the nature of the office, he has a disposing power over the property; but that he is the owner *for every purpose*, cannot be maintained upon either reason or authority. The only authority cited by Judge Tompkins is Farr et al. v. Newman et al., 4 Durnford & East, 347; but that case, so far from supporting the doctrine contended for, is an authority to the contrary. Ch. J. Kenyon, Justice Grose and Justice Ashhurst, in separate opinions, held that goods of a testator in the hands of his executor could not be seized in execution of a judgment against the executor on his own right. Buller, J., gave a dissenting opinion, and it is this dissenting opinion, and not the opinion of the court, that Judge Tompkins had in view, when writing the opinion in Lecompte v. Sergeant. Grose, J., reviewed the question at great length, and thus refers to the rule as contended for by J. Buller:

" The injustice is obvious. It is to make the goods of A. pay the debts of B.; and possibly leave the creditors of A. without any redress but against the person of B. One case of intolerable hardship may be put: Suppose the executor indebted to the crown in more than the value of his own and the testator's personal estate; the moment the executor is invested with his authority, an extent issues and sweeps away every shilling of the testator, in fraud of his creditors, legatees and next of kin! A more shameful act of injustice can hardly exist under the name of law."

Again the learned judge remarks: " Why may not the executor devise the testator's goods; why may not his administrator take them; why are they not forfeited to the crown on attainder; why are they not liable to be seized under a commission of bankruptcy against the executor? The answer and reason is, I think, obvious. It is because they are not *his goods;* he is only the distributor and dispenser of them for the benefit of the creditors, the legatees, and the next of kin, of the testator. To permit him to devise them;

to permit his administrator to take them; to permit the assignees, under a commission against the executor, to seize them; and to permit the sheriff, under an execution issued against his goods, to take them, would be to dispose of them for purposes for which he had them not—in a way in which it cannot by any law be intended that those purposes will be answered."

In Howard v. Jemmet, 3 Burrows, 1368, Lord Mansfield said: "If an executor becomes *bankrupt*, the commissioners cannot seize the specific effects of his testator: not even in money, which specifically can be distinguished and ascertained to belong to such testator, and not to the bankrupt himself."

In Comyn's Digest, vol. 1, p. 259, it is said, in speaking of the goods of the testator: "Nor shall they be taken in execution for the proper debt of the executor or administrator."

We think, therefore, that we are justified in saying that Judge Tompkins was mistaken in supposing that either under our law, or the common law, the administrator is the owner, *for every purpose*, of the goods of the intestate.

Suppose an administrator should die before a final settlement, will it be contended that the goods and effects which were in his hands as administrator, will go to his executor or administrator to pay his debts, or to be distributed among his heirs? Certainly not; and why not, if he was, *for every purpose*, the owner of such goods and effects?

But if any doubt can exist as to the rule under the common law, it is very clear that under our statute the administrator is in no sense the unqualified owner of the goods of his intestate. The act defining his duties and powers requires him to give a bond, with two or more sufficient securities; and one of the conditions of the bond is, "that he shall account for, pay, and deliver all money and property of said estate." He is further required to have the personal property appraised, and to file an inventory of the same, which inventory must be made in the presence of witnesses

appointed for that purpose; and if he shall open or examine the papers, money, or other property of the deceased, without the publicity and attestation provided in the act, he becomes liable to pay to the persons entitled to the estate a sum not exceeding five thousand dollars. So his duties with respect to the sale and disposition of the personal property are marked out and defined, and penalties are imposed for any neglect of the same. If he shall die or resign, or his letters be revoked, he or his legal representatives must account for, pay and deliver to his successor, or to the surviving or remaining administrator, all money, real and personal property, of any kind, of the deceased; and the succeeding or remaining administrator is empowered to proceed at law against the delinquent and his securities, or either of them, or against any other person possessed of any part of the estate. He is further required to make annual settlements with the County or Probate Court; and after a final settlement of the estate, (and sometimes before,) the personal effects remaining in his hands are to be distributed among those entitled thereto, as such court shall order and direct.

These and other provisions of the statute upon the same subject show very conclusively, that, under our system of laws, the administrator is by no means the absolute owner of the goods and effects of the intestate. If the law was otherwise, and such property could be seized for the payment of the individual liabilities of the admininistrator, it would result most disastrously to creditors, heirs and legatees. They would be wholly remediless; for it can hardly be contended that the securities in the administration bond would be liable for property thus misappropriated when it becomes the act of the law, and does not result from any negligence or misconduct of the administrator.

The judgment of the court below will be affirmed; the other judges concurring.