CASPAR VIELHABER et al., Respondents, vs. GOTTLIEB EYERMANN, Appellant.

February 14, 1876.

1. When an executrix, having commenced a suit, marries, she cannot further prosecute the suit in any capacity. Her disability is not cured by an order.

making her husband a co-plaintiff. A party must recover by the right in which he sues, or not at all.

2. An order of the probate court, that "no further process issue" against an executor or administrator, is not equivalent to a final settlement.

3. A demand, not inventoried, belonging to an estate will not be vested in the widow by an order appropriating to her, in lieu of provisions, the balance of assets appearing upon a settlement of the estate. Such a demand would go to an administrator *de bonis non*, if one should be appointed.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

*H. D. Laughlin*, for appellant.

*Farish & Griffin*, for respondents, cited: Hyde v. State, 7 Wend. 354; Spaun v. Jennings, 1 Hill (S. C.) Ch. 324; Hudson v. Wallace, 1 Rich. Eq. 23; Morton v. Hatch, 54 Mo. 412.

LEWIS, J., delivered the opinion of the court.

In July, 1870, Charles Baer died, leaving a widow, Maria Eva, one of the present plaintiffs, to whom, by will, he bequeathed all his real and personal property, except $1 to each of his children, and whom he made his sole executrix. The will was probated, and letters were duly granted to the widow, on July 25, 1870.

On December 23, 1870, Mrs. Baer, as executrix, commenced this suit before a justice of the peace, on a demand due her deceased husband's estate. The justice gave her judgment, from which defendant appealed to the Circuit Court. Pending proceedings in the latter, on February 21, 1872, the plaintiff's marriage with her present co-plaintiff was suggested by herself and entered of record, with an order making the husband a party plaintiff.

At the trial the plaintiffs introduced in evidence a certified transcript of record from the Probate Court, showing that on December 11, 1871, the executrix there reported the fact of her marriage, and made a settlement, showing a balance in her hands of $194.85, which sum the court thereupon appropriated to her in lieu of provisions, etc. An order was then made, upon her motion, "that no further process issue against her as such executrix, except it be

upon the application of some person interested." It does not appear from the record that there was ever any further or final settlement of the estate.

Judgment was rendered against defendant in the Circuit Court, from which, after unsuccessful motions for new trial and in arrest, he appealed to the general term, where the judgment was affirmed.

It is provided in Wagner's Statutes, at page 71, section 5, that " no married woman shall be executrix or administratrix," and, at page 75, section 34, that, " if any executrix or administratrix marry, her husband shall not thereby acquire any interest in the effects of her testator or intestate, nor shall the administration thereby devolve upon him, but the marriage shall extinguish her power, and her letters be revoked."

When Mrs. Baer married she ceased to be executrix; and, when that fact was entered upon the record in this cause, it was erroneous for the court to permit her to proceed further as a plaintiff representing her former husband's estate. She had been before the court in her representative capacity, and in none other. In *Burdyne* v. *Mackey*, 7 Mo. 374, it was held that, " if an executor or administrator brings suit in a representative capacity, he cannot recover by virtue of any individual interest he may have in the matter in controversy." But, even if this rule were reversed, the facts in the present case would not have justified a further prosecution of the suit by Mrs. Vielhaber and her husband, the present plaintiffs.

. The trial in which her supposed individual interest was developed did not occur until more than a year after the suggestion of marriage and Vielhaber's entry of appearance as a co-plaintiff. The order of the Probate Court was not equivalent to a final settlement of the estate. By its very terms the administration was kept open, and might be actively proceeded with " upon the application of some person interested." There was no order of distribution.

It does not appear that the demand sued on was ever inventoried or charged against the executrix, or that it constituted any part of the balance appropriated to her by the Probate Court. On the contrary, as it was an unsettled demand, the order transferring it to her, if so intended, should have described the claim itself. : When the marriage was suggested, and Mrs. Vielhaber was permitted to proceed with the suit as in her own right, the two years had not expired in which creditors might prove their demands against the estate. This claim was one of the assets to which they had a right to look, and which would yet, for aught that appears in the record, properly belong to an administrator *de bonis non*. A judgment in favor of the present plaintiffs would be no protection for the defendant against a suit on the same demand by such an administrator, if one were appointed. *Lessing* v. *Vertrees*, 32 Mo. 431.

The judgment was, therefore, erroneous and must be reversed and the cause remanded. Judge GANTT concurs; Judge BAKEWELL not sitting.

Upon a motion for rehearing, LEWIS J., delivered the opinion of the court.

A motion for rehearing has been filed in this cause, in which, assuming that "the court, in its opinion, has overlooked or failed to note essential and material facts," the point is made that, when the original plaintiff's marriage was suggested in the Circuit Court, the two years of administration of Baer's estate had already passed. This is a mistake of the counsel. The letters were granted in July, 1870. The suggestion of marriage was made on February 21, 1872, as appears by the record. The case was tried in March, 1873—more than a year afterwards.

There is nothing in the suggestion that Vielhaber was made a co-plaintiff by agreement of parties. That agreement gave him a right to coöperate in the prosecution of the suit. But it could not confer upon him a right of

recovery, which the law withheld under the circumstances of the case.

The point presented with reference to the order of "no process" and the appropriation to the widow is sufficiently answered in the opinion already delivered.

For the purposes of this case it is of no consequence whether the demand belonged to Mrs. Vielhaber in her individual right or not. She had sued upon it as executrix, and could not, in the same proceeding, recover by virtue of a different title. Having ceased to be executrix, she could not then recover in any capacity, unless by a new suit, or its equivalent in an admissible amendment. The introduction of Vielhaber was no such amendment, because the record still shows that she was suing as executrix.

It may be true that there was no necessity for the appointment of an administrator *de bonis non*, so far as the estate itself was concerned. But there is always a necessity that parties shall appear before the court in the characters by which they expect to recover. *Burdyne* v. *Mackey*, 7 Mo. 374. Judge GANTT concurring, the motion for rehearing is overruled; Judge BAKEWELL not sitting.