FLORA WATSON v. SUN BYRD ET AL.

1. CHANCERY. Practice. Second demurrer.
   When a demurrer to a bill in chancery has been stricken out, because not set down for hearing at the proper time, it is in the discretion of the Chancellor to permit another demurrer, similar to the first, to be filed; but such discretion should be cautiously exercised.

2. SAME. Parties. Case in judgment.
   B. died, leaving a personal estate, which came into the hands of S. B., and was appropriated by him to his own use. B. left no heirs of his body, but left two sisters, W. and M., and M. M., the daughter of a sister deceased, who, together with S. B., were his only heirs. W. filed a bill against S. B. for the purpose of obtaining a distribution of the estate of B., deceased, amongst his heirs, and made M. and M. M. parties defendant. The defendants demurred to the bill, because improper parties were therein joined. Held, that it was error to sustain the demurrer on this ground.

3. SAME. Statute of Limitations. Blank date.
   A bill was filed for the purpose of having a distribution of the estate of a decedent. In the allegation of the death of the decedent the date was left blank. The defendants demurred to the bill, because the complainant's remedy was barred by the Statute of Limitations. Held, that the bill does not show the complainant's remedy to be barred, and that, if the demurrer referred to the blanks in the bill as to dates, it should have specially pointed them out, and given the complainant an opportunity to amend by filling the blanks.

4. SAME. Jurisdiction. Bill for distribution.
   When there is no administration on the estate of a decedent, a court of chancery will entertain a bill seeking a distribution of the estate amongst the heirs, and render a decree therefor.

APPEAL from the Chancery Court of Rankin County.

Hon. H. R. WARE, Chancellor.

Flora Watson filed a bill against Sun Byrd, Nancy Mitchell, and Molissa McFerrin, on the sixth day of August, 1875, and alleged that on the          day of          A.D. 18  , Bryant Byrd died, leaving a personal estate ; that the defendant, Sun Byrd, took possession of said estate, and converted it to his own use ; that the deceased left no heirs of his body, but the

complainant and the defendants are his brother and sisters, except Molissa McFerrin, who is the daughter and sole heir of Lydia McFerrin, a sister of the deceased, and said parties are the only heirs of the deceased ; and that said estate remains in the hands of the defendant, Sun Byrd, unadministered. The bill prayed that an account be taken to ascertain the amount due from Sun Byrd to the other parties, and that the sum due shall be paid into court and distributed in equal shares to said parties.

A demurrer was filed to the bill, but, upon motion of the complainant, was stricken out, because it was not set down for hearing on the first day of the appearance term. On the next day after said demurrer was stricken out the defendants obtained leave of court to file another demurrer, which contained these special grounds, —

1. The complainant has an adequate and complete remedy at law.

2. The complainant's remedy has long since been barred by the Statute of Limitations.

3. Improper parties are joined in the bill.

4. This court has no jurisdiction of the cause as made by the complainant's bill.

This demurrer was sustained by the court, and the bill dismissed, and the complainant appealed to this court.

*J. D. Freeman*, for the appellants.

1. The striking out of the defendants' first demurrer concluded their privilege of demurring, and required them to plead to the merits. The policy of the law is to expedite business and prevent delays by interposing demurrers to avoid an answer.

2. The first ground of demurrer is that the complainant has a remedy at law. The bill is filed under § 1185 of the Code of 1871, by virtue of which a party, acting as the defendant, Sun Byrd, acted in this matter, becomes an executor in his own wrong. As the law makes him an executor, he must account as a trustee in the Chancery Court, where all executors are required to account.

3. It is objected that the complainant's remedy has long since been barred by the Statute of Limitations. An estate

embezzled, as by the defendant, Sun Byrd, in this case, is not barred of a remedy by any Statute of Limitations. The date of the death of the decedent, Bryant Byrd, is left blank in the bill to be filled at the hearing, but seems to have been omitted. No time bars a recovery of property embezzled as in this case.

4. The defendants say as ground of demurrer that improper parties are joined in the bill. But the complainant and the defendants are all interested in the estate as heirs, share and share alike, and the bill seeks a distribution of the estate amongst such heirs.

5. The jurisdiction of the court over an estate in the hands of an executor in his own wrong is. given by statute and the Constitution. Code of 1871, § 1185. And the Constitution confers jurisdiction in all such matters. . Sect. 16, art. 6, of the Constitution, gives exclusive jurisdiction of all matters of administration to a Court of Chancery.

*Mayers & Lowry*, for the appellees.

1. On hearing the demurrer, the court did not hesitate to sustain it and dismiss the bill, for several reasons, among which was want of jurisdiction in the court to give the relief sought. A reference to the bill and demurrer is alone sufficient to show that the court below did not err.

2. We need not refer to any authorities to sustain the action of the court on the demurrer, or its action in allowing a second demurrer to be filed, after the first had been struck out, because it had not been set down on the first day of the term. The court was in full possession of the causes that intervened to prevent setting it down. It will be presumed that the court acted upon good and sufficient reasons, in the absence of the testimony upon which it acted.

CAMPBELL, J., delivered the opinion of the court.

The bill charges that the complainant's brother died intestate, leaving a small personal estate; and as the decedent had no heirs of his body, the complainant and the defendants are his heirs, and entitled to share equally his estate, but that the defendant, Sun Byrd, had taken possession of said personal estate, and converted it to his own use. The prayer is for account and distribution according to the rights of parties.

A demurrer was filed at rules, and not set down for hearing at next term on first day, and on motion of the complainant it was struck out. On application of the defendant leave was given to file another demurrer, which was filed, and heard and sustained, and the bill dismissed.

It is assigned for error that after the first demurrer was struck out leave was given to file another, just like the first. The Chancellor had discretion to permit this. Such discretion should be cautiously exercised. A defendant who demurs, and fails to set his demurrer down for hearing on the proper docket on the first day of the next term, if filed in vacation, or on the same day he files it in term time, is not entitled, ordinarily, to any favor; and, unless good cause is shown for his failure to observe the statute, § 1068 of Code, should suffer the penalty of having to plead or answer; but we are not prepared to say that the Chancellor may not allow a second demurrer to be filed. In this case, not being advised by the record of the reason on which the Chancellor acted, we must conclusively presume that it was sufficient. The other question in the case is as to the propriety of sustaining the demurrer. It contains several special causes. Among them, because improper parties are joined in the bill. It was not properly sustained on this ground. Another cause is that the remedy of the complainant has long since been barred by the Statute of Limitations. The bill does not show that this is true. There are blanks in the bill as to dates; but if this was the objection to the bill, it should have been specifically pointed out, and an opportunity afforded the complainant to amend by filling the blanks. The remaining special causes of the demurrer amount to a denial of the jurisdiction of chancery, because there is a full and complete remedy at law, and it is apparent from the brief of counsel for the appellees that this is the cause of demurrer relied on chiefly, and on which, most probably, it was sustained and the bill dismissed. It is well settled in this State that in the absence of an administration of the estate of a decedent a Court of Chancery will decree distribution among the heirs. *Farve* v. *Graves*, 4 S. & M. 707; *Rabb* v. *Griffin*, 26 Miss. 579; *Wood* v. *Ford*, 29 Miss. 57.

It was error to sustain the demurrer, and the decree will be reversed, the demurrer overruled, and the cause remanded, with leave to the defendants to answer within forty days after the mandate herein shall have been filed in the chancery court clerk's office.