C. C. McCRACKEN *et al.*, Respondents, v. WM. L. McCASLIN, Administrator, Appellant.

| 50 | 85 |
|----|-----|
| 87 | 7 |
| 87 | 394 |
| 160s | 377 |

1. **Administration**: TITLE OF ADMINISTRATOR AND OF HEIRS. While the equitable title to a personal estate is vested in the administrator; yet, however complete and comprehensive his title may be, he holds in a representative capacity as trustee, and the heirs have a resulting beneficial interest in the property.

2. ———: SETTLEMENT AND DISTRIBUTION BY HEIRS. When there are no creditors and the heirs are of age, an administrator would be a mere naked trustee, and it would seem idle as well as a waste of the estate to go through the form of administration against the will of the heirs, as evidenced by their settlement and distribution of the property among themselves, which both he and they would be estopped from disputing if made without fraud or imposition.

*Appeal from the Hickory Circuit Court.*—HON. W. I. WALLACE, Judge.

AFFIRMED.

*Wm. O. Mead, J. H. Childers* and *F. M. Wilson,* for appellant.

(1) There is a penalty prescribed by law for any person to open or examine the papers, or to interfere in any manner with the property of the deceased, except the administrator in the presence of witnesses. R. S. 1889, sec. 73. (2) A penalty implies prohibition and makes the acts of the heirs of Robert H. McCracken, deceased, in their attempt to distribute

the property without the intervention of an administrator, void, and those who took it acquired no right of title thereto. *Downing v. Ringer*, 7 Mo. 585; *State ex rel. v. Caroutte*, 67 Mo. 445; *State ex rel. v. Dallas Co.*, 72 Mo. 329. (3) No property could be set off to Clarissa McCracken, the widow, except through the administrator. She could not acquire any title thereto by simply taking. R. S. 1889, secs. 105–108. (4) Personal property must be administered on before the heirs can claim their distributive shares. *Smith v. Denny*, 37 Mo. 20. (5) It is a familiar rule of law, that the personalty of the deceased passes to the administrator, and he alone has any right to take charge of it or sue for its recovery. *Griswold v. Mattix*, 21 Mo. App. 282; *Bushel v. Lewis*, 6 Mo. App. 599; *State ex rel. v. Moore*, 18 Mo. 406; *Rose v. Perkins*, 98 Mo. 258. (6) It was the duty of the defendant as public administrator to take charge of the estate of Robert H. McCracken, deceased, under the fourth clause of section 299, Revised Statutes, 1889, and having taken charge, or any action to that end, the probate court had no jurisdiction to revise his action in so doing. *Bushel v. Lewis*, 6 Mo. App. 599.

*T. G. Rechow*, for respondents.

The administration law has reference to legal estates only. There is nothing in the first and second points. The same answer may be made as to the third point. Even if there had been a legal estate, such a one as was subject to administration under our laws, yet when all the heirs are of full age, and there are no debts, and nothing to be done except to make a distribution between the parties entitled thereto, and after this has all been consummated, and each accepted his

part, and holds his part, no court would order an administration. *Needham v. Gillette*, 39 Mich, 547; *Foote v. Foote*, 61 Mich. 181; *Kilcrease v. Shelby*, 23 Miss. 161–6; *Watson v. Byrd*, 53 Miss. 480–3; *Ricks v. Hilliard*, 45 Miss. 359–63; *Wright v. Smith*, 19 Nev. 143; *George v. Johnson*, 45 N. H. 456; *Hubbard v. Kent*, 15 N. H. 516; *Woodman v. Rowe*, 59 N. H. 483. If there be no creditors the heirs may distribute among themselves without administration. *Walworth v. Abel*, 52 Pa. St. 370; *Weaver v. Roth*, 105 Pa. St. 408; *Fretwell v. McLemon*, 52 Ala. 124; *Vanderveer v. Alston*, 16 Ala. 494; *Frowner v. Johnson*, 20 Ala. 477; *Plunkett v. Kelly*, 22 Ala. 655; *Amis v. Cameron*, 55 Ga. 449; *Begun v. Freeman*, 75 Ind. 398; *Holzman v. Hibben*, 100 Ind. 338; *McCleary v. Menke*, 109 Ill. 294.

ELLISON, J.—For all practical purposes this case may be stated in this way: Robert H. McCracken died intestate, leaving plaintiffs and one other as his heirs, and leaving no debts. The heirs were all of age, and at a meeting they made distribution among themselves of all the property. Afterwards, at the instance of one of the heirs, the probate court, after giving notice to those first entitled to administer, upon their refusal, ordered the public administrator to take charge of the estate. A motion was made by these plaintiffs in the probate court to set aside this order, for the reason that distribution had been made, and that there were no debts. That court overruled the motion, and on appeal by these plaintiffs on trial anew in the circuit court such motion was sustained, and the administrator brings the case here.

The defense to this proceeding is based on the idea that there was no title to the personal property left by the deceased in the heirs, and that they could only obtain title through administration. It

is true that, upon the death of the ancestor, the legal title to this personal estate is cast upon the executor or administrator, and not the heir. It is quite generally understood, and said, that both the legal and *equitable* title is vested in the executor or the administrator. It is so stated in Schouler's Executors & Administrators, sec. 339; 1 Williams on Executors, 717, 718; *State ex rel. Hounsom v. Moore*, 18 Mo. App. 406, and authorities cited; *Weeks v. Jewett*, 45 N. H. 540; *Becraft v. Lewis*, 41 Mo. App. 546; *Bolger v. Landenburg*, 42 Mo. App. 7. This statement of the law, which puts the equitable title in the executor or administrator, is correct; but it ought not to be held to be so comprehensive as to exclude an equitable interest or right in the heirs. That the heirs have an equitable right or title is asserted and decided in *Fretwell v. McLemon*, 52 Ala. 124; *Walworth v. Abel*, 52 Pa. St. 370; *Foote v. Foote*, 61 Mich. 181; *Weaver v. Roth*, 105 Pa. St. 408. However complete and comprehensive the administrator's title may be, it is certain that he holds in a representative capacity and as a trustee for creditors and heirs; and that the heirs have a resulting beneficial interest in the property. "The interest which an executor or administrator has in the property of the deceased is very different from the interest one has in his own property; for, as the old writers state the point, an executor or administrator has his estate as such in *auter droit* merely." Schouler's Executors & Administrators, sec. 242. And so in Mississippi the courts have gone so far as to hold that, where there is no administration and no debts, the heir and distributee may sue in equity and recover the personal effects of the deceased, and compensation for their use. *Ricks v. Hilliard*, 45 Miss. 359. And he may in such condition of the estate come into equity for distribution. *Watson v. Byrd*, 53 Miss. 480. Where there

are no creditors and the heirs are of age, an adminis-trator would be a mere naked trustee, and it would seem idle as well as a waste of the estate to go through the form and expense of administration against the will of the heirs, as evidenced by their settlement and distri-bution of the property among themselves. When under such circumstances a settlement and domestic distribu-tion is made without fraud or mistake, there is no necessity for administration. In support of this posi-tion, we cite the following authorities collected by the research of respondents' counsel: *Needham v. Gillette,* 39 Mich. 574; *Foote v. Foote, supra; Kilcrease v. Shelby,* 23 Miss. 161–6: *Watson v. Byrd, supra; Ricks v. Hil-liard,* 45 Miss. 359–63; *George v. Johnson,* 45 N. H. 456; *Hubbard v. Kent,* 15 N. H. 516; *Woodman v. Rowe,* 59 N. H. 483; *Walworth v. Abel, supra; Weaver v. Roth, supra; Fretwell v. McLemon, supra; Vanderveer v. Alston,* 16 Ala. 494; *Frowner v. Johnston,* 20 Ala. 477; *Plunkett v. Kelly,* 22 Ala. 655; *Amis v. Cameron,* 55 Ga. 449.

It is apparent that where there are no creditors the administrator would represent the heirs, and would be bound by their settlement. Both he and they would be estopped from disputing a settlement and distribution made without fraud or imposition. In such case no necessity exists for administration, and none should be granted. We, therefore, affirm the judgment. All concur.