## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1900.

---

(*Continued from Volume 86.*)

---

M. L. WOOD, Respondent, v. R. H. DONALDSON, Executor of the Will of WILLIAM D. DONALDSON, Deceased, Appellant.

**St. Louis Court of Appeals, January 15, 1901.**

1. **Administration: RIGHTS OF SURVIVING HUSBAND IN WIFE'S ESTATE: STATUTORY CONSTRUCTION.** The intention of section 111, Revised Statutes 1899, is to give a surviving husband the same benefits from his wife's estate when she dies intestate as the wife has when she is the survivor, which would include, the right to four hundred dollars worth of property in addition to the articles enumerated in section 105, Revised Statutes 1899.

2. ————: ————. The statute was designed to place the husband on the same footing as the wife, and was not meant to deny him his rights because the death of the wife occurred before the administration proceedings had advanced to distribution in which she was distributee.

3. ———: ———: ———. In the case at bar, the unpaid portion of Mrs. Woods' share in her deceased brother's estate was a chose in action, and as section 111, Revised Statutes 1899, was to confer on the husband the same rights in the wife's estate as she has in his, the courts should realize this purpose by affording him equal means to obtain his interests.

Appeal from Montgomery Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

AFFIRMED.

*A. W. Lafferty* for appellant.

(1) The title to that portion of the distributive share of Sarah Wood, deceased, in the estate of Joseph M. Donaldson, deceased, which had not been paid to her at the time of her death, remained in the administrator of Joseph M. Donaldson's estate. A distributee of an estate acquires no title to his or her distributive share, remaining in the hands of the executor or administrator, prior to the completion of the administration. (2) If Sarah Wood did not own in her own name, at the time of her death, that portion of her distributive share in the estate of Joseph M. Donaldson, deceased, which remained in the hands of the administrator in process of administration, then her widower is not entitled to recover same in this action under section 111, Revised Statutes 1899. And if that portion of the distributive share of Sarah Wood in said estate, so remaining in the hands of the administrator, did not belong to her, at the time of her death, then her widower is not entitled to recover one-half of same in this action under section 2938, Revised Statutes 1899.

*Jas. F. Ball* for respondent.

(1) There are two sections of our statutes bearing upon the question presented. They are sections 111 and 2938,

Revised Statutes 1899, passed by the Legislature in 1895. Section 111 provides that "if a wife shall die intestate, owning personal property in her own name, in addition to curtesy, her widower shall be allowed to keep as his absolute property all the articles and property, and be entitled to all the remedies and reliefs as relates to the deceased wife's property as is provided for the widow in the deceased husband's property, under and by virtue of sections 105, 106, 107 an 109 of said article and chapter. (2) Section 2938 says that "when a wife shall die without any child or other descendants in being, capable of inheriting, her widower shall be entitled to one-half of the real and personal estate belonging to the wife at the time of her death, absolutely, subject to the payment of the wife's debts." It is evident, then, from section 111, that the Legislature aimed to give the widower, out of the personal estate of his deceased wife which she owned at her death in her own name, the same remedies, rights and reliefs, "as is now provided for the widow in the deceased husband's property," in the sections named. (3) Section 107 provides that in addition to the articles allowed the widow in sections 105 and 106, "the widow may take such personal property as she may choose, not to exceed the appraised value of four hundred dollars." We submit that this widower is entitled to precisely the same interest in his deceased wife's personal property owned by her in her own name, as is now allowed the wife in the deceased husband's personal property. The property referred to in section 107 is not restricted to especial kind of property; it also includes choses in action. Cummings v. Cummings, 51 Mo. 261. If, then, the widow be entitled to her $400 out of the proceeds of a "chose in action belonging to her deceased husband," we insist that the widower is entitled to his $400 out of the wife's personal property, whether consisting of choses in possession, choses in action, or any kind of personal property. 51 Mo. 661.

GOODE, J.—This case arose on the filing of exceptions in the probate court of Montgomery county, by the respondent, M. L. Wood, to the final settlement of Wm. D. Donaldson as administrator of the estate of Joseph M. Donaldson, deceased.   Wm. D. Donaldson has since died.   R. H. Donaldson is the executor of his will, and by agreement of parties entered of record, the cause proceeded under the above title. The finding of the probate court is not shown in the abstracts, but both parties appealed to the circuit court where the exceptions of the respondent were sustained and the appellant took this appeal.    The hearing below was on an agreed statement of facts.   Respondent was the husband of Mrs. Kate Wood, deceased, who was the sister of Joseph M. Donaldson.    Said Donaldson died intestate in 1896, and his sister, then living, was one of his heirs.    Before his death, the administrator of Joseph M. Donaldson's estate paid her a part of her inheritance, but there still remained in his hands at that time $280 which had not yet been ordered distributed.    The respondent claims all of this money as a statutory allowance by the provisions of section 111 of the Revised Statutes of 1899, or, failing that, half of it under section 2938.    By the appellant it is urged that he can not recover under either; that the title to the money was vested in the administrator of Joseph M. Donaldson's estate when Mrs. Wood died, so that she did not own it in her own name as provided by the first section, nor did it belong to her at death as required by the other.    It is conceded the proper party to recover the money, in the first instance, would be the administrator of Mrs. Wood's estate, and to remove this difficulty the parties stipulated verbally in the probate court that the respondent should have the same rights and remedies against the estate of Joseph M. Donaldson, deceased, as he would have against the administrator of his deceased wife, if there were such an administrator in charge of

her estate, and of the distributive share. Further, that the only issue submitted for determination was whether respondent was entitled in any way to an interest in his deceased wife's said share.

It is unnecessary to consider section 2938, for we are clear the respondent is entitled to the whole sum under section 111, which reads as follows: "If a wife shall die intestate, owning personal property in her own name, in addition to curtesy, her widower shall be allowed to keep as his absolute property all the articles and property and be entitled to all the remedies and reliefs as relates to the deceased wife's property, as is now provided for the widow in the deceased husband's property under, and by virtue of sections 105, 107 and 109 of said article and chapter." Section 107, referred to in the foregoing, provides that in addition to the books, wearing apparel, household goods and other articles allowed the widow out of the husband's estate by sections 105 and 106, she may take such other personal property as she chooses, not to exceed the value of four hundred dollars.

The intention of section 111, as declared on its face is to give a surviving husband the same benefits from his wife's estate when she dies intestate as the wife has when she is the survivor, which would include, of course, the right to four hundred dollars' worth of property in addition to the articles enumerated in section 105. This conclusion is not questioned by the appellant, nor that the respondent is entitled to an allowance of that amount from his deceased wife's estate. The point made is that the money in dispute can not be appropriated as part of it because, as stated, instead of being owned by Mrs. Wood in her own name when she died, it was owned by Joseph M. Donaldson's administrator, in whom both the legal and equitable title were vested, it being undistributed assets.

To uphold this contention would require a narrow construction of the statute and hinder the full accomplishment of its obvious purpose. The phrase, "in her own name," was not used, we think, to exclude from the operation of the act such interests as a wife's undistributed inheritance, but property held in trust for her free from the husband's marital rights, and, it may be, other personalty of which she enjoys the beneficial, but not the legal ownership. The doctrine that personal assets go to the legal representatives of the owner at his death has obtained, time out of mind, in our system of disposing of decedents' estates, but with an entirely different significance and effect in modern administration law from what it anciently bore. Perhaps no rule has been more thoroughly revolutionized by statutory changes and adjudications of a similar tenor. The early rigor of the law allowed the executor to retain the residue of the assets after the funeral expenses, debts and specific legacies were paid, or in case of intestacy, the ordinary as succeeding to the King's rights. This hardship was relieved in some measure by statutes compelling administration to be granted to the next relatives of the deceased so that they would acquire the remainder. But as the theory of ownership by the personal representatives was rigidly enforced, the person administering could appropriate the surplus, and to obviate so unjust a result, the first of the distribution statutes was enacted, viz.: 22 and 23 Car. 11, ch. 10, which required the administrator to distribute the residue after debts and expenses were paid, to the wife and children, if the deceased left any, or otherwise, to his next of kin. Schouler on Ex'rs. and Adm'rs., sec. 495; Leaky v. Maupin, 10 Mo. 368. In 1830, Parliament passed an act making similar provisions in regard to executors. The Statute of Charles II is the basis of legislation on the subject in this country, by which, in our State certainly, and probably in all of them, distribu-

tion of the balance of the estate, among those entitled by law, after debts, expenses and legacies have been paid, is required of both executors and administrators. The courts appear to have sometimes experienced difficulty in divesting themselves of the influence of the old doctrine and giving complete effect to the ameliorating changes.

It was once decided by our Supreme Court that the administrator's title to the decedent's money was so absolute that his individual debts might be set off against a note given to him in his official capacity for funds of the estate which he had loaned. Lacompte v. Seargent, 7 Mo. 352. That case was afterwards overruled (Lessing v. Vertrees, 32 Mo. 431), and the true quality, extent and purpose of his title definitely settled. He may still sue for, and recover debts due the estate, property belonging to it, or damages for injury thereto, and enjoys all the attributes of ownership required to efficiently conduct the administration. "He is not the unqualified owner of the property and has not plenary power over it, but he is the owner for every purpose necessary to enable him to discharge the duties of his office and is the collector, preserver and disposer of it for the benefit of the creditors, legatees and distributees." Smarr v. McMaster, 35 Mo. 349. Even an executor has no power to intermeddle with, or dispose of the assets by virtue of being named in the will, except under pressing necessity, but must first qualify as required by law. Stagg v. Green, 47 Mo. 500; Bambrick v. Webster Groves Presbyterian Church Association, 53 Mo. App. 225. And, however complete and comprehensive the executor's or administrator's title to the assets of the deceased may be, he holds them in a representative capacity and *in autre droit* as trustee, and those entitled to it by law have a beneficial interest in the property. McCracken v. McCaslin, 50 Mo. App. 85. If there are no creditors and the heirs and others bene-

ficially interested are of full age, he is a naked trustee.   Ibid.
While he can not be compelled to pay the balance in his hands
after all debts and legacies have been discharged to the per-
sons entitled to receive it without an order to that effect being
first made, it is his duty to apply for the order in a reasonable
time.   11 Am. and Eng. Ency. of Law (2 Ed.), 1163, and
cases cited.   It is thus apparent that the ownership of the per-
sonal representatives has come to be of the nature of a legal
fiction rather than a fact.   Their holding is strictly fiduciary
and the trust is to be executed through all its stages under the
constant observation and control of the courts of probate.   The
old formula that the administrator, or executor, owns the per-
sonalty and the heirs the realty, still survives, but the two
ownerships are wholly unlike in character, and the expression
is more convenient than correct.

We are unable to accept this view.   That the special,
qualified title devolved on the administrator of a decedent,
by operation of law, to assist in the satisfactory collection and
administration of the estate, is incompatible with that owner-
ship of an undistributed share by a *feme covert* which the
statute requires in order that the surviving husband's right of
allowance may attach to it if she dies intestate.   We do not
think the lawmakers so intended, or that this would be a fair
interpretation of their language.   The statute was designed
to place the husband on the same footing as the wife, and it is
unreasonable to suppose his right to take so inconsiderable a
sum from her inheritance, which might be large, was meant
to be denied because her death occurred before the administra-
tion proceedings had advanced to distribution.   The prop-
erty of the wife, in which the husband may not participate
under the provisions of the statute in question, must be of
another class—perhaps only such as is free from his marital
rights by the plain intention of the instrument or contract by

which she obtained title to it, although as to that we have no occasion to decide.

The unpaid portion of Mrs. Wood's share in her deceased brother's estate was a chose in action. Hart v. Leete, 104 Mo. 314, and it has been expressly decided that a surviving wife may collect the allowance due her from her husband's estate out of choses in action. Cummings v. Cummings, 51 Mo. 261. As the declared purpose of the enactment was to confer on the husband the same rights in the wife's estate as she has in his, the courts should realize this purpose by affording him equal means to obtain his interest, when this can be done without violating the established doctrines of the law. We are convinced the conclusion reached by the learned judge who decided the case below was correct and his judgment is affirmed. All concur.