# OCTOBER TERM, 1845.

VAUGHN vs. THE BANK MISSOURI, Garnishee of Silas Reed.

The decision of the circuit court, sitting as a jury, will not be set aside, unless the court were called on to decide some question of law, and erred in its decision.

ERROR to St. Louis Court of Common Pleas.

Todd, for Plaintiff in Error.

### POINTS.

1. The words "Surveyor General," to the name of Silas Reed, in his account with the Bank, and him used in drawing checks, were mere "descriptio personæ," and could not operate to give any official character to the money to his credit under that style in the Bank. (7 Mo. Rep., p. 351, 298; 9th Mo. Rep., p. 169.)

2. The evidence shows that when the Bank was garnisheed, the Bank owed Silas Reed $1,644 72.

Polk, for Defendant in error.

1. The Bank by her counsel submits, that this cause having been submitted to the court sitting as a jury, and no instructions having been asked, nor the court asked to declare what the law of the case was at the trial, the only question of law that can be raised on the record is, whether the court below erred in refusing to grant a new trial? See Davis vs. Scripps, 2 Mo. Rep. 189; Polk vs. the State, 4 Mo. Rep. 544. Von Phul vs. the City of St. Louis, 9 Mo. Rep. 49; and McEvoy, to use, &c., vs. Lane & McCabe, 9 Mo. Rep. 48.

2. The Court of Common Pleas committed no error in refusing to grant Vaughn a new trial, for there was evidence on the part of the gar-

nishee sufficient to warrant a finding of the issue in her favor.　In the first place there was the answer of the garnishee, which this court has decided to be admissible as evidence; and in the next place there was the testimony of H. L. Clark, fully corroborating the answer.　Davis, garnishee of Flemming, vs. Knapp and Shea, 8 Mo. Rep. 657.　Mc-Evoy, to use, &c., vs. Lane & McCabe, 9 Mo. Rep. 48-9.

But this court, in its own language in the case of Mullikin vs. Greer, 5 Mo. Rep. 493, "will never reverse a judgment of the circuit court for refusing a new trial, unless the evidence of the person demanding the new trial strongly preponderates."　See also Singleton, to use of Gibbs, vs. Mann, Adm'r., 3 Mo. Rep. 326.　Oldham vs. Henderson, 4 Mo. Rep. 295.　Dooley vs. Jennings, 6 Mo. Rep. 63.　Young vs Kelly, 9 Mo. Rep. 51.

And further upon the facts preserved in the bill of exceptions in this case, the sum of money in question, in point of law, was the property of the U. S. and not of Silas Reed.　U. S. vs. Buford, 3 Peters 13. Jones vs. Le Tombe, 3rd Dallas 384.　Hodgson vs. Dexter, 1 Cranch 345. 1 T. R. 172.

McBRIDE, J., delivered the opinion of the court.

Vaughn being an execution creditor of Silas Reed, garnisheed the Bank of the State of Missouri, returnable to the September Term, 1843, of the Court of Common Pleas for St. Louis county.　On the 11th day of December, 1843, allegations and interrogatories were filed against the Bank, which were responded to by the Bank on the 3rd of February, 1844.　The plaintiff then prayed judgment upon part of the answer and traversed the remainder.　Afterwards, on motion, the court discharged the Bank from that part of the answer upon which judgment had been prayed, when the Bank filed an amended answer by F. Kennett, her President, stating in substance, that at the time the Bank was summoned as garnishee, there was in the Bank the sum of $1,644 72, which had been placed there by the government of the United States, to the credit of "Silas Reed, Surveyor General," which money belonged to the United States, and not to said Reed, and which could only be drawn by said Reed as an officer of the United States and in his official capacity, and not as an individual : that at said time there was no money or effects in said Bank belonging to said Reed.　To this part of the amended answer the plaintiff filed a traverse and took issue.　The cause was submitted to the court sitting as a jury, when the court found the issue for the Bank, and rendered a judgment accordingly.

Vaughn vs. The Bank of Missouri, Garnishee of Silas Reed.

The plaintiff then filed a motion for a new trial, for the reasons, that the finding was against the evidence; and that it was against the law under the evidence. The court overruled the motion, to which the plaintiff excepted, and now brings the case here by writ of error.

The bill of exceptions sets out the evidence of Henry L. Clark as follows: "At the time said Bank was garnisheed, in this cause, there were no funds in said Bank belonging to said Reed, or subject to the order of Silas Reed, in his individual capacity; but as Surveyor General there was to the amount of sixteen hundred and forty-four dollars and seventy-two cents: that the account said Bank kept with Silas Reed at said time, was in the style of "Silas Reed, Surveyor General," and upon that account there was to his credit the sum aforesaid. This fund came to the Bank by government warrants, drawn on the said Bank, payable to the order of Silas Reed, Surveyor General, and placed in said Bank by said Reed, or his clerk, endorsed in blank by said Reed, Surveyor General. Witness was teller of said Bank, and would not have paid said Reed's checks out of said fund, unless signed "Silas Reed, Surveyor General," which was the signature and style used by said Reed in drawing his checks. A distinction was made by the Bank between official and private deposits. This sum was considered to be the money of the government, and so treated by the Bank. He had no doubt but that said funds belonged to the United States. Silas Reed kept two accounts with the said Bank, one as Silas Reed, the other as Silas Reed, Surveyor General. That Reed's private funds could only be drawn upon his private check, and the funds to his credit as Surveyor General, could only be drawn on his official check. The private account of Silas Reed was opened subsequent to the date the Bank was garnisheed." This was all the evidence. No instructions were asked of the court on either part.

This case falls within the principles settled by this court, in the case of McEvoy, to use of Nelson vs. Lane & McCabe, 9 Mo. Rep. 48; and Von Phul vs. City of St. Louis, ib. 49, where the court said, that "the decision of the circuit court, sitting as a jury, will not be set aside unless the record show that the circuit court was called on to decide some question of law, and that its decision was wrong."

Judgment affirmed.