DORA ANSPACH, RESPONDENT, v. JOHN P. JANSEN, APPELLANT.—78 S. W. (2d) 137.

Kansas City Court of Appeals. December 3, 1934.

*C. G. Buster* for respondent.

*Waldo Edwards* for appellant.

CAMPBELL, C.—Plaintiff, seeking to recover damages for an alleged assault, brought this suit to the April term, 1933, in Macon, but the suit was not brought in time for trial at that term. The defendant filed motion for security for costs on May 13 and answer on September 16. Otho F. Matthews, a member of the Macon bar, whom defendant employed as his attorney, died November 23. The defendant did not thereafter engage another lawyer to represent him although he talked with a lawyer concerning the matter. The cause was listed on the docket of December 11, the first day of the December term, and there were "about twenty cases ahead" of it. On the forenoon of December 11 the plaintiff appeared, waived a jury, introduced evidence, and the court in the absence of the defendant rendered a judgment in plaintiff's favor in the sum of $2500. Three days later the defendant filed verified motion to set aside the judgment, alleging therein that although he had a meritorious defense he was not present to defend the action because he was sick and confined to his room; that the motion for security for costs was undisposed of and the defendant believed, and had been so advised by his attorney, that the case would not stand for trial until the motion was ruled upon. The motion was heard, denied, and the defendant has appealed.

In the hearing of the motion it was incumbent on the defendant to show merit and that he was not negligent. In the beginning of the trial the defendant sought to introduce evidence tending to show that he had a meritorious defense. The plaintiff objected to the offer and the objection was sustained. However, later in the trial defendant introduced evidence showing that he had a good and meritorious defense to the action. And the trial judge stated that

for the purpose of the motion he was "taking it for granted" that the defendant had a meritorious defense.

The defendant, sixty-three years old, testified that in the previous winter he "had a serious case of flu; . . ." that he was in Macon on Wednesday immediately preceding December 11; that he was not able to return to Macon on any of the three remaining days of that week; that the weather was damp and foggy and that he was "easily affected by that kind of weather;" that on Sunday he went to the home of a neighbor one or two miles distant in a closed automobile driven by his wife; that on December 11 and 12 he was sick and unable to leave his home; that he did not request his wife to have a lawyer represent him; that on December 12 he read in a newspaper that a judgment had been rendered against him and that on the next day he went to Macon and employed attorneys to file the motion under consideration. The defendant further testified that he saw in a newspaper a list of the cases pending in Macon and that all cases civil and criminal were shown to be on the docket of December 11. The defendant's wife testified in substance to the facts as detailed by the defendant, stating that the defendant was not able "to go out at all on Monday;" that he did not leave the house on that day; that on Tuesday he was around at home and that on Wednesday he felt better; that a neighbor, Mr. McNeely, called on December 11 and said to her that the defendant was wanted on the telephone and that she replied that her husband was sick and not able to be out; that Mr. Wise also came to her home, told her that the prosecuting attorney wanted the defendant "at the office;" that she thought he meant the telephone office and that she replied that the defendant was sick and that he could not go to the office; that the messages so received by her were communicated to the defendant.

There was evidence on behalf of the plaintiff that defendant was not confined to his home the entire day of December 9 nor the entire day of December 12. There was other evidence relating to the question of the efforts made by the defendant to employ a lawyer but none of such evidence in any way tends to show whether or not the defendant was sick and confined to his home on the day of judgment.

It has been said many times that an appellate court will not convict a trial court of error in refusing to set aside a judgment such as the one here involved, save upon a showing that such refusal was arbitrary or based upon a misconception of the law. However, if the record in the instant case discloses that the trial court disregarded uncontradicted evidence which, if true, was sufficient to entitle defendant to have his motion sustained then the trial judge did not exercise sound judicial discretion or he misconceived the law.

In legal effect the facts in the present case are strikingly similar to the facts in the case of Armstrong v. Elrick et al., 160 S. W. 1019, 1022, in which the court said:

324

"On the question of diligence, it appears from the affidavits that defendant had arranged with his counsel to be called by telephone when the case was ready to proceed, and that he was at work at a convenient place so that he could be present at the trial on fifteen minutes' notice. Defendant's case stood eighth on the docket for the day, and the court was engaged in the trial of another case at the time which would consume several hours. The docket was sounded by the court at the morning hour, and neither defendant nor his counsel was present. Thereupon judgment was given for plaintiff about ten o'clock A. M. Defendant's counsel, it is said, was en route to the courtroom to look after the case when suddenly stricken with sickness, severe cramps, and a spell of acute indigestion, which detained him for a time. He reached the courtroom, however, at about eleven o'clock, and learned from the deputy clerk that judgment had been entered against his client in the case. He thereupon informed the deputy clerk in charge that he had been overcome with sickness and unavoidably delayed, and thereupon went to his office and telephoned counsel for plaintiff, requesting that the judgment should be set aside, but this request was denied. There is nothing in any of the affidavits going to deny that defendant's counsel was stricken with sickness and detained from the courtroom on that account, but plaintiff's counsel says that the counsel for defendant told him, over the telephone, that he had been detained in another courtroom, and was absent because of that."

In that case, although it was stated in the affidavit of plaintiff's counsel that defendant's counsel told him that he was absent because he had been detained in another courtroom, the court held that such counter affidavit did not contradict the affidavit of defendant's counsel. So in the instant case the evidence tending to show that the defendant was not confined to him home the entire day of December 9 nor the entire day of December 12 did not tend to contradict the evidence of defendant and his wife to the effect that defendant was sick and confined to his home the entire day of December 11. "That being true, we must treat the matter of the sickness of counsel and his unavoidable detention thereby *as established in the case and not denied.*" (Italics ours.) [Armstrong case, supra.]

In the case of Steamboat Ospry v. Upton Jenkins, 9 Mo. 375, the court held that the effect of a motion for security for costs "was to suspend all further proceedings until it was disposed of by the court;" that judgment by default entered while the motion was pending should be set aside. In the case at bar there was oral evidence admitted over the defendant's objection that the court, prior to the convening of the December term, stated that the "motion would be overruled." In the judgment, as shown in the short form record, it is stated that the defendant filed his motion for costs which was denied. . . ." The court could speak only through its record.

The record did not show that the court ruled the motion prior to the trial. Hence the motion, as a matter of law, was pending at the time the judgment was rendered. The parties evidently treated the question as to whether or not the motion was ruled upon prior to the trial as touching the question of the defendant's diligence.

Considering the record in its entirety and the established rule that an appellate court is less apt to interfere when a judgment by default is set aside by the trial court than when it is not, and that "the court should exercise its discretion in favor of a trial on the merits, where a reasonable excuse is shown on the part of the defendant and the meritorious defense appears, especially when no substantial injury will result therefrom," we conclude that sustaining defendant's motion will best serve the ends of justice. This for the reason that the evidence discloses that the defendant had a meritorious defense and the uncontradicted evidence shows that he was sick and confined to his home on the day judgment was rendered. [Scott v. Smith, 133 Mo. 680, 34 S. W. 864; Muth Realty Company v. Timmerberg, 161 S. W. 589.]

The judgment is reversed and the cause remanded with direction to sustain defendant's motion to set aside the judgment rendered December 11, 1933. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded with direction to sustain defendant's motion to set aside the judgment rendered December 11, 1933. All concur.