**Lloyd W. SCHOENHOFF, Plaintiff-Respondent,**

v.

**Gary H. OWENS et al., Defendants-Appellants.**

**No. 39001.**

Missouri Court of Appeals, St. Louis District, Division One.

Feb. 21, 1978.

Motion for Rehearing and/or Transfer Denied March 10, 1978.

David K. Breed, St. Louis, for plaintiff-respondent.

Klamen, Summers & Compton, John P. Montrey, Clayton, for defendants-appellants.

SMITH, Judge.

Defendants appeal from the action of the trial court in refusing to set aside a judgment of $6,426.00 entered against them. The judgment in question was rendered following a trial at which defendants did not appear either in person or by counsel.

The original suit was filed in January, 1971, seeking damages for conversion of certain personal property. The property was in premises owned by defendants which plaintiff had occupied as a tenant. Defendants filed an answer. On January 26, 1977, the judgment against defendants was entered.

Defendants' timely motion to set aside alleged that on January 25, 1977, defendant Gary Owens received a letter from his attorney advising that the case was set for trial on January 24, 1977. The case was actually tried on January 25 to the court and judgment was entered the next day. On January 26, Owens was notified by his attorney that the attorney had withdrawn from his representation. Defendants alleged that Gary Owens was confined to bed for two weeks prior to the trial date and was not informed by his counsel of the status of the litigation. The motion further alleged, in conclusory language, the presence of a good and meritorious defense.

At the hearing on defendants' motion the following largely uncontroverted evidence was developed. The case was set for trial on January 24, 1977. On January 21, Mr. Pentland, defendants' attorney, requested the court to reset the cause for January 25. This was done, he explained, because Mr. Breed, plaintiff's counsel, had told Pentland that because of Breed's health condition he would not be able to try the case and if the case was to be tried Breed would have to get new counsel to represent plaintiff. This explanation was largely confirmed by the declaratory questioning of Pentland by Breed. Pentland notified his clients by mail that the case might be tried during the week of January 24. This letter was received by defendants on January 25 in the afternoon. At that time defendant Gary Owens was confined to bed with a severe knee infection. He had been so confined for two weeks prior to January 25, and was so confined for a week thereafter. On January 25, Pentland did not appear, but Breed and his client did. The court contacted Pentland in trial in St. Charles County and advised him that Breed and his client were present and prepared to proceed. The record would support a conclusion that Breed was prepared to proceed only if the case was non-contested. Pentland stated he could not be present and stated he was withdrawing so that his client could obtain new counsel. Such a withdrawal was filed in the court bearing a date of January 25. There is no indication of record whether it was approved by the court. The court was advised by Pentland that Breed had agreed to recommend a $1,500 settlement to his client, and it was suggested that if the trial were to proceed in the absence of defendants that judgment be limited to that amount. The trial court agreed that it would enter a judgment for that amount upon "Mr. Breed proceeding." Breed acknowledged the $1,500 recommendation but advised the court that he did not consider himself so limited at trial as "a bird in the hand would have been worth two in the bush." (Obviously a mathematical miscalculation as it turned out to be worth less than "four in the bush"). Following trial

and prior to entry of judgment, the court advised Pentland of the amount of the judgment to be entered. Some dispute does exist in the record about whether Pentland indicated to Breed and the court that his withdrawal was based upon some lack of cooperation with defendants and some difficulty with his fee arrangement. We accept the trial court statement that Pentland indicated "some difficulties with his client." Gary Owens attempted to contact Pentland on January 25, after receiving the letter but was unable to make contact until January 26, when Pentland advised him of his withdrawal and that a trial had occurred.

Defendants presented no evidence of a defense as such to the conversion action. They did, however, present evidence that the property of plaintiff which they removed was "trash". We deem this to be evidence of a defense to the amount of damages.

■ The action of the trial court in overruling a motion to set aside a default judgment, or as here, a non-contested judgment is largely within the sound discretion of the trial court. In order to justify a trial court in setting aside such a judgment, the defendant must establish a meritorious defense and good reason or excuse for default. However, an appellate court is less apt to interfere when a judgment is set aside than when it is not. The general rule is that, where the application, motion to set aside, or hearing thereon discloses a meritorious defense and also shows reasonable diligence or excuse for default or non-appearance and no substantial injury to plaintiff from a delay, the trial court should exercise its discretion in favor of trial on the merits. *Whitledge v. Anderson Air Activities*, 276 S.W.2d 114 (Mo.1955) [3]; *Anspach v. Jansen*, 229 Mo.App. 321, 78 S.W.2d 137 (1935). While the negligence of counsel is imputable to the client, such is not the case where counsel abandons the defense of the case without notice to the client. *Whitledge v. Anderson Air Activities*, supra, [4]; *Boeckmann v. Smith*, 238 Mo.App. 855, 189 S.W.2d 449 (1945) [1, 2].

■ Under the peculiar facts of this case, we find the trial court abused its discretion

in refusing to set aside the judgment against defendants. No injury to plaintiff from a delay is apparent, and the length of time the case was pending would indicate plaintiff had sensed no urgency. The evidence indicates defendants do have a meritorious defense to the amount of damages. While we cannot and do not condone a failure by counsel to appear for an established court date, it appears that the failure was caused either by a misunderstanding resulting from defense counsel's attempts to respect Breed's health problems or because he abandoned his client. In either posture we find no basis for concluding that defendants should be prevented from defending the case on the merits. If defense counsel's failure was the result of an attempt to accommodate Breed, it was excusable. If it was an abandonment, it was not imputable to the client.

Judgment reversed and cause remanded for trial.

CLEMENS, P. J., and McMILLIAN, J., concur.