STATE of Missouri at the Relation of OVERLAND OUTDOOR ADVERTISING CO., INC., Appellant,

v.

MISSOURI STATE HIGHWAY COMMISSION, Respondent.

No. WD 31488.

Missouri Court of Appeals, Western District.

Feb. 2, 1981.

J. Richard McEachern and Mark H. Levison, St. Louis, for appellant; Guilfoil & Symington, Petzall & Shoemake, St. Louis, of counsel.

Bruce A. Ring, Chief Counsel, Curtis F. Thompson, Asst. Counsel, Jefferson City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and TURNAGE, JJ.

PRITCHARD, Presiding Judge.

Respondent refused to grant a hearing to appellant on the matter of whether an outdoor sign was unlawful. Appellant filed a writ of certiorari in the circuit court of Cole County which affirmed the order of respondent (that the request for hearing was not timely), and appellant was ordered to remove the billboard within 20 days at its expense. The issue is whether appellant showed good cause for his untimely request, and if so, did respondent abuse its discretion in denying a hearing.

As is usual in matters of review of administrative proceedings initiated by writ of certiorari, the factual record is skimpy. What may be gleaned, however, from the order of respondent, and the affidavit of Leon Smithee, are these facts: Appellant was given notice, received by it on August

19, 1978, of the unlawfulness of the sign in question. By letter of December 18, 1978, applicant (appellant) requested administrative review of the notice to remove outdoor advertising. Respondent noted in its order that applicant had not requested a hearing within 30 days of the notice receipt.

Then, by order dated January 15, 1979, respondent's hearing examiner directed appellant under 7 CSR 10–6.090(2) [set forth hereinafter] to show cause no later than February 14, 1979, why the request for administrative review should not be denied because of untimeliness. Appellant responded by affidavit (of Leon Smithee) dated January 29, 1979, the substance of which follows.

Smithee states he is the chief operating officer for Overland Outdoor Advertising, and in fact is the sole person with knowledge and responsibility for its affairs, and is solely responsible for the sign in question. He is without knowledge that the notice of alleged unlawfulness of the sign actually came on or about August 9, 1978, although the notice may have been sent. As reasons for his unawareness of the notice, Smithee further states that he was unable during the time of August, 1978, and for some months thereafter, to become totally involved in the affairs of (the sign company) because of very serious open-heart surgery performed on him in May, 1978. After that open-heart surgery he contracted serum hepatitis and during August, 1978, and for some time thereafter, was recovering. Under doctor's orders, he was forced to remove himself from the pressures of his position and get as much rest as possible. Smithee presumed that because of his absences from work from May through November, 1978, he simply did not see the notice to remove (the sign) sent to him. Upon getting back to work after recovery from the open-heart surgery and hepatitis, Smithee found the notice to remove the sign, and after investigation, responded to it within 30 days of that discovery. [This must have been the letter of December 18, 1979, referred to in the respondent's order.]

Thereupon, the order recites, "The Commission finds that Applicant has not presented sufficient reasons for granting administrative review." The conclusions were that § 226.580 required the commission to issue a notice to remove outdoor advertising for any sign deemed to be unlawful under §§ 226.500 to 226.600. [It is clear that the notice was issued. Respondent's answer to petition for writ of certiorari in the Circuit Court of Cole County includes a recitation that it attached as Exhibit 1 a copy of the notice to remove by certified mail; Exhibit 2, copies of the signed return receipts signed on behalf of appellant. Those exhibits are not before this court.] After receipt of the notice to remove outdoor advertising, the signowner may request administrative review, but the request for review must be in writing and be filed with the Department's district engineer within 30 days after receipt of the notice by the signowner. § 226.580.3 and 7 CSR 10–6.090(1). The hearing was denied for the reason the request was not timely filed and appellant was ordered to cause the sign to be removed within 30 days.

§ 226.580.3 does require that an owner request administrative review of the notice to remove an alleged unlawful sign within 30 days, and under subsection 4 of that section, if there is no action for review filed, the commission shall have authority to remove the sign. A harsh application of that statute, however, has been relaxed by the adoption by respondent of its rule 7 CSR 10–6.090, which provides:

"(2) Untimely Request for Administrative Review. Upon receipt of an untimely request for administrative review under section 226.580 RSMo. the hearing examiner shall as soon as practical order the applicant to show cause in 30 days in writing why the request for administrative review should not be denied by the State Highway Commission because of its untimeliness. If the reasons specified by the applicant as justifying the untimely request for review are legal reasons, they shall be set forth in writing while factual reasons shall be set forth in writing in a verified or sworn affidavit. * * * If the

applicant responds in writing to the order to show cause by the date specified by the hearing examiner, the State Highway Commission shall consider the matter upon the legal or factual reasons specified by the applicant. If the commission finds good and sufficient cause for granting administrative review, it shall order the hearing examiner to proceed with a hearing under section 226.580 RSMo. If the commission finds a lack of good and sufficient cause for granting administrative review, it shall deny administrative review. * * * The decision shall be subject to judicial review under § 536.150 RSMo. * * *."

§ 536.150 provides that upon review " * * * the court may determine whether such decision, in view of the facts as they appear to the court, is unconstitutional, unlawful, unreasonable, arbitrary, or capricious or involves an abuse of discretion; and may order the administrative officer or body to take such further action as it may deem proper to require; * * *."

Smithee's factual affidavit, made in accordance with 7 CSR 10–6.090(2), certainly sets forth justifying reasons for appellant's failure to respond timely to respondent's notice to remove the sign, and timely to request a hearing upon whatever was alleged to cause the sign to be unlawful. Smithee says he is Chief Operating Officer for appellant, and is the sole person with knowledge and responsibility for its affairs and for the sign in question. When the notice to remove was presumably received by the corporation, Smithee was still recovering from serious open-heart surgery and a subsequent serum hepatitis, and because of absences from his work, he did not see the notice until he found it on returning to work. He then responded to the notice within 30 days after its discovery. Under a fair construction of his affidavit, there was no other person to respond timely for the corporation.

Respondent omits to mention its own remedial rule in its brief, but takes the position that appellant's failure timely to request a hearing is jurisdictional, and there-fore it had no other choice than to deny the belated request for hearing. That position of cause ignores the import of 7 CSR 10–6.-090(2) which is to grant a later hearing if an applicant shows cause of justifying the untimely request for review. Respondent clearly has jurisdiction to consider the untimely request in the light of justifying reasons therefor, and if shown, to grant a hearing. *State ex rel. Manchester Bank v. Enright*, 584 S.W.2d 416 (Mo.App.1979), cited by respondent, is not in point. In that case there was no rule or other provision for making and having considered a late request for hearing, as here.

Respondent's Rule 7 CSR 10–6.090(2), in its salutary purpose, is somewhat akin to Supreme Court Rule 81.07 which provides that where the time for filing a notice of appeal has expired, a party may seek a special order for appeal within six months from the date of final judgment in a civil case upon a showing by affidavit or otherwise that there is merit in the appellant's claim and that the delay was not due to appellant's culpable negligence. See *In re Marriage of Chilton*, 540 S.W.2d 237 (Mo. App.1976), where although an appeal filed two days late was dismissed, it was done without prejudice to an application for leave to file the notice of appeal out of time. Of course, under respondent's rule, appellant need not show that there is merit in its claim, but only that there is justifiable cause for the untimely request for hearing.

All that appellant is asking is that it be accorded a hearing upon the charge that its sign is unlawful. It is the policy of the law that cases be determined on the merits, if possible, *Robinson v. Clements*, 409 S.W.2d 215 (Mo.App.1966), and where it will not work injury or hardship on either party, *Karst v. Chicago Fraternal Life Ass'n*, 22 S.W.2d 178 (Mo.App.1929); *Anspach v. Jansen*, 229 Mo.App. 321, 78 S.W.2d 137 (1935). Under the facts, respondent's order denying the request for a hearing must be deemed an abuse of discretion.

Respondent's motion to dismiss appeal as frivolous is overruled. The judgment is reversed and the case is remanded with

directions that it be further remanded to respondent for a hearing by its hearing examiner upon the merits of its charge that appellant's sign is unlawful.

All concur.