Dorothy L. METTS, Appellant,

v.

Richard D. METTS, Respondent.

No. 43694.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 17, 1981.

Theodore S. Martin, Clayton, Michael A. Turken, St. Charles, for appellant.

Claude C. Knight, St. Charles, for respondent.

REINHARD, Presiding Judge.

Dorothy Metts, wife, appeals from a decree of divorce granted her husband of 22 years, Richard Metts. Wife initiated these proceedings by filing a petition for dissolution of marriage. Her husband filed an answer and cross petition for divorce. Wife filed no responsive pleading to husband's petition.

The cause was set for trial on October 30, 1980. On the morning of trial, neither wife nor her attorney were present. On the motion of husband's attorney, the court dismissed the wife's petition for failure to prosecute and proceeded to hear testimony and receive evidence on husband's cross petition. On October 31, the trial court entered a decree and set apart to husband his separate property, divided the marital property, granted custody of the two children, age 12 and 16, to wife, ordered husband to pay $35.00 per week per child for child support and found that neither party was entitled to maintenance.

On November 10, wife filed a motion to set aside the default judgment. Thereafter, on November 21, the trial court heard testimony on wife's motion and at the conclusion of the hearing, denied the motion. Wife obtained new counsel and this appeal followed. Wife contends the trial court erred in: (1) improperly dismissing her petition on the morning of trial; (2) dividing the marital property; (3) failing to award a larger amount of child support; (4) failing to award her maintenance and (5) failing to set aside the default judgment. We affirm.

Wife contends the trial court erred in dismissing her petition upon oral motion of her husband on the day of trial because she was not provided notice and husband did not establish prejudice.

■ It has long been recognized in this state that if a party fails to appear on the day a cause is set for trial, the court may dismiss the petition for failure to prosecute. *Doughty v. Terminal Railroad Association of St. Louis*, 291 S.W.2d 119, 121 (Mo.1956); *Bindley v. Metropolitan Life Ins. Co.*, 358 Mo. 31, 213 S.W.2d 387, 389 (1948). The trial court's decision to dismiss on such grounds will not be disturbed on appeal unless it constituted an abuse of discretion. *State ex rel. State Highway Commission v. Graeler*, 495 S.W.2d 741, 743 (Mo.App.1973). As to the requirement of notice under such circumstances, the Supreme Court in *Doughty, supra*, stated: "[W]hen a party defaults on a trial setting he has had the requisite notice . . . ." at 121. We find no abuse of the trial court's discretion.

■ Wife next attacks the trial court's division of the marital property. First, she asserts there was no evidence of the value of five insurance policies and a trailer awarded to husband. She contends that without evidence of their value the trial court could not fairly divide the property. *Freeman v. Freeman*, 586 S.W.2d 386, 387 (Mo.App.1979). The decree awarded to husband the trailer in which he lived along with the 43 acre tract of land on which it

was located. Husband testified that the value of the land and trailer together was $125,000.00. Since they were both awarded to husband, wife cannot be heard to complain that a separate value apart from the land should have been established for the trailer. As to the five insurance policies, there was evidence that four of the policies were term insurance and consequently had no cash value. Any cash value of the $1,000.00 whole life policy was of a *de minimis* or speculative nature in light of the $560,000.00 in marital property that was distributed by the trial court and we shall not disturb the trial court's award in this regard. *Murphy v. Murphy*, 613 S.W.2d 450, 452 (Mo.App.1981).

Secondly, she asserts the trial court erred in awarding personal property to the party in possession without an inventory of that property, citing *Wansing v. Wansing*, 612 S.W.2d 55 (Mo.App.1981). There is no merit to her contention. Under the decree, husband was awarded specific property in the possession of the wife listed and valued in Exhibit Q. Wife was awarded all other furnishings and personal property in the marital residence which husband valued at $20,000.00. The decree is sufficiently specific and the trial court clearly had evidence of the value of the personal property distributed by its decree.

■ Continuing in her attack on the division of marital property, she claims the trial court erred in failing to specifically assign a value in the decree to each item distributed to the parties. The trial court, however, was only required to assign a value to the property awarded to each spouse if so requested by one of the parties. *Reynolds v. Reynolds*, 610 S.W.2d 311 (Mo.App.1980); Rule 73.01. Husband made no such request. Neither did the wife. We see no reason this rule should not be applied here when wife failed to appear at trial. That the court made no valuation of each item of property does not affect the validity of the decree. Our review of the record reveals the trial court considered the value of the

property distributed by its order. It did not have to set out a dollar amount for each item of property. *Reynolds, supra.*

■ Wife also contends that the trial court failed to consider the proper elements in valuing the three closely held corporations jointly owned by the parties. Husband filed a balance sheet for each of the three corporations, setting forth their assets and liabilities, as well as a net asset value calculated by subtracting the liabilities from the assets. Husband testified that these three corporations were involved in land surveying, real estate and development, and that business had been poor. He further testified one of the corporations, Metts Surveying, Inc., was not making any profit, so its assets had been leased to another business. We are of the opinion this was sufficient evidence of the value of these three corporations for the trial court to divide the property.

■ Finally, in connection with the division of marital property, wife contends husband received a disproportionate share of the property. We do not agree. Using husband's estimates of value,[1] he received property with a value of $314,928.00 or 55% of the assets, while wife received property with a value of $251,900.00 or 45% of the assets. Under the mandate of § 452.330 RSMo. 1978, the trial court is required to consider four factors in dividing the marital property. This does not mean the court is required to equally divide the marital property, but only to fairly and equitably distribute it. The trial court is vested with considerable discretion in dividing marital property and an appellate court will only interfere if the division is so heavily and unduly weighted in favor of one party as to amount to an abuse of judicial discretion. *In re Marriage of Schulte,* 546 S.W.2d 41, 46–47 (Mo.App.1977). Here, our review of the entire record reveals that the trial court

properly considered the relevant factors required under the statute, and its division of the marital property did not constitute an abuse of discretion. *McCall v. McCall,* 574 S.W.2d 496, 500 (Mo.App.1978).

Next, we consider wife's complaint that the court erred in failing to award her a larger amount of child support. She contends there was no evidence as to three of the elements the trial court is required to consider in awarding child support under the dictate of § 452.340 RSMo. 1978: (1) the financial resources of the children; (2) the standard of living the children would have enjoyed; and (3) the physical, emotional and educational needs of the children.

■ The determination of child support is a matter resting within the sound discretion of the trial court and we review the record only to determine whether that discretion was abused. *Naeger v. Naeger,* 542 S.W.2d 344, 347 (Mo.App.1976). Of the six elements listed in § 452.340 the financial resources of the non-custodial parent is the prime factor. *L___ A___ J___ v. C___ T___ J___,* 577 S.W.2d 151, 153 (Mo.App.1979). Here, the trial court had sufficient evidence of the income and assets of the husband to determine his ability to pay child support. From the evidence of the husband's income and the accumulated assets of the parties, the trial judge could have inferred the standard of living the children would have enjoyed. There was no evidence that the children had any independent source of income, so we will review the trial court's determination of child support as if they had none. Unquestionably, the record is scant as to the needs of the children. However, with a similar sparse record presented it, the court in *Suesserman v. Suesserman,* 539 S.W.2d 741 (Mo.App.1976) held that is not, in and of itself, fatally defective to a child support award. After a review of the entire record, we cannot say that it was an abuse of the trial court's

---

1. There is no evidence in the record as to wife's valuation of the property. She neither filed an income and expense statement nor testified to any values in the hearing to set aside the default judgment.

discretion to make an award of $35.00 per week per child.

■ We next direct our attention to that part of the decree in which the trial court found the wife was not entitled to maintenance. In Missouri, if the spouse seeking maintenance is awarded the custody of the children whose ages are not such that she must stay in the home to provide for their care, maintenance should only be awarded where the spouse: (1) lacks sufficient property, including marital property to provide for her reasonable needs, and (2) is unable to support herself through appropriate employment. *J.A.A. v. A.D.A.*, 581 S.W.2d 889, 897 (Mo.App.1979); § 452.335.1(1) and (2).

Here, the children were aged 12 and 16 at the time of trial, so wife is only entitled to maintenance if she lacks sufficient property to provide for her reasonable needs and is unable to support herself through employment.

■ Using the values which the evidence established, wife was awarded the marital home with an equity of $96,000.00 and all of the furnishings, $16,700.00 in cash, a $38,200.00 note, other real property with an equity of $75,000.00, a 1977 Ford and $2,000.00 in stock. Further, husband testified that his wife was healthy, and although she was not employed at the time of trial, she had been employed during the marriage as an executive secretary for an insurance company. He further testified she kept the books for their three corporations for a period of time, that she had a real estate license, and had played the piano professionally. He stated that in his opinion she could find employment and maintain herself.

In light of the marital property awarded to the wife and the evidence of her past work experience, we cannot say the trial court abused its discretion in denying her maintenance.

Finally, wife contends the trial court erred in failing to set aside the default

judgment. At the hearing on wife's motion, her attorney testified he failed to appear because he was under treatment of a physician for acute chest pains. He further testified he notified husband's attorney, prior to trial, of his condition. He stated he made no attempt to contact the court advising it of his illness. Wife, however, testified her attorney told her six days prior to trial that she need not appear as the matter would be continued because discovery had not been completed. Husband's attorney testified and vigorously denied that wife's attorney advised him he would be unable to attend the trial on October 30 or that he consented to a continuance. At the conclusion of the hearing, the trial court denied wife's motion and stated:

> [T]here has been a question of credibility of the two witnesses who have testified. [T]he attorney for [wife] on the one hand, and ... the attorney for [husband] on the other hand. The Court has ruled on the credibility of the witnesses in this case and the Court frankly believes [husband's attorney's] testimony .... The Court does not believe and the Court is making that finding that there was any agreement between the attorneys that they were going to ask for a continuance.

We are, of course constrained to give due regard to the trial court's determination of credibility in this hearing, as we would in any other matter tried before a court without a jury. Rule 73.01.

■ We note at the outset, this is not a default for failure to file an answer, but for failure to appear at trial. See *Caldwell Paint Manufacturing Co. v. Lebeau*, 591 S.W.2d 1, 5 (Mo.App.1979); *Williams Energy Co. v. Tracy Truck Leasing*, 562 S.W.2d 765, 767 (Mo.App.1978). The action of the trial court in overruling a motion to set aside such a default judgment is largely within the sound discretion of the court. *Clinton v. Clinton*, 444 S.W.2d 677 (Mo.App. 1969). In order to have the judgment set aside, the wife had to establish: (1) a meritorious defense; (2) reasonable diligence or

excuse for non-appearance; and (3) no substantial injury to husband. *Schoenhoff v. Owens,* 564 S.W.2d 273, 275 (Mo.App.1978). The trial court's actions will not be disturbed unless the elements of reasonable excuse and meritorious defense are so readily apparent that it is clear the refusal to set aside was arbitrary. *Clinton, supra,* at 681. An appellate court is less likely to interfere when a trial court has set aside a default judgment than when it has not. *Anspach v. Jansen,* 229 Mo.App. 321, 78 S.W.2d 137, 139 (1935).

■ Wife asserts that here the evidence established counsel failed to appear because of either a misunderstanding or because he abandoned his client and consequently her non-appearance should be excused, citing *Schoenhoff v. Owens, supra.* We note in *Schoenhoff,* the fact of the misunderstanding was undisputed. Here, the trial court expressly found that wife's attorney failed to contact either opposing counsel or the court and thus there was no misunderstanding. Further, wife's attorney did not abandon his client because he continued to represent her on the motion to set aside the judgment.

It is clear that accepting the facts, in light of the trial court's declaration of credibility, wife did not establish reasonable excuse for her non-appearance. While the wife cannot be blamed for following her counsel's directions to not appear, it is well settled that counsel's negligence in permitting a default judgment is imputable to his client. *Williams Energy Co. v. Tracy Truck Leasing,* 562 S.W.2d 765, 768 (Mo.App.1978); *Falcon Enterprises, Inc. v. Precise Forms, Inc.,* 509 S.W.2d 170 (Mo.App.1974). Consequently, counsel's failure to request a continuance or to advise opposing counsel and the court of his medical problems cannot constitute good excuse for wife's absence from trial. The trial court did not abuse its discretion in refusing to set aside the default judgment.

Affirmed.

SNYDER and CRIST, JJ., concur.