Frank L. COURTIN and Nettie E. Courtin, Plaintiffs-Respondents,

v.

McGRAW CONSTRUCTION CO. and Robert McGraw Defendants-Appellants.

No. 44771.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 31, 1982.

2. Both distributions included the estimated amount of the net proceeds from the sale of the family residence.

Charles M. M. Shepherd, Clayton, for defendants-appellants.

Donald E. Heck, Clayton, for plaintiffs-respondents.

GUNN, Presiding Judge.

Robert McGraw, defendant-appellant, appeals from the denial of a motion to set aside a default and judgment arising out of a breach of contract case. The appeal raises the following points of alleged error in entering the default: (1) defendant's answer was in the court file when judgment was entered; (2) no notice was given of the final default hearing; (3) the evidence was insufficient to establish defendant's liability; (4) there was misconduct on the part of plaintiffs' counsel in failing to inform the trial court that defendant's answer had been filed.

We affirm.

Defendant Robert McGraw and his closely held corporation, McGraw Construction Company[1] entered into an agreement to remodel plaintiff-respondents' home.

Plaintiffs paid $5,000 as a down payment. Immediately discontent with defendant's work, plaintiffs ordered the work stopped and demanded the return of the down payment, which was refused.

Plaintiffs then brought action against defendant in three counts: return of the $5,000 and costs of having the work completed by others; damages for fraudulent misrepresentation; recovery under the Missouri Merchandising Practices Act, Chapter 407, RSMo 1978, and for attorney's fees and injunctive relief.

Service of the petition was obtained on defendant on November 20, 1980. Defendant filed a battery of motions which were denied with twenty days granted to file pleadings to February 20, 1981. No pleadings were filed, and on May 7, 1981, plaintiffs were granted an interlocutory judgment of default pursuant to Rule 74.045. On May 22, 1981, defendant finally mailed his answer to plaintiffs' attorney. On the same date final default hearing was set for May 28, 1981 to determine damages under Rule 74.09.

On May 28, 1981, after hearing, the trial court entered judgment against defendant on all three counts of plaintiffs' petition, including attorney's fees. Defendant was not present at these proceedings.

Defendant first contends that the trial court erred in proceeding by default, as an answer had been filed before final judgment was rendered. Defendant would enjoy a better position for argument if interlocutory judgment on default under Rule 74.045 were rendered subsequent to answer being filed. *G. H. Kursar, D.O., Inc. v. Fleischer*, 602 S.W.2d 870, 872 (Mo.App. 1980). But in this instance, no answer was filed until after the interlocutory judgment was entered of record. The consequence is that the cause of action pleaded is, in effect, admitted, and the defendant is precluded from participation in the proceedings except for inquiry on damages if the claim

---

1. McGraw Construction Company became bankrupt and action against it was dismissed. It is not a party to this appeal.

is for an unliquidated sum. *Sumpter v. J. E. Sieben Construction Co.,* 492 S.W.2d 150, 154 (Mo.App.1973). The filing of the answer after the entry of the interlocutory default had no legal effect.[2]

Defendant then sought Rule 75.01 relief to have the default set aside. When that effort was denied, this appeal followed.

■ Though appellate courts favor trial on the merits rather than default, particularly when a substantial defense exists, the trial court has broad discretion to grant or deny a motion to set aside a default judgment. *Metts v. Metts,* 625 S.W.2d 896, 900–01 (Mo.App.1981).

■ Defendant argues that his meritorious defense compels setting aside the default.[3] But that is not enough. Reasonable excuse for failing to plead coupled with the existence of a substantial defense must be present to justify a finding that the trial court's refusal to set aside the default is capricious. *Metts v. Metts,* 625 S.W.2d at 900–01; *Williams Energy Co. v. Tracy Truck Leasing, Inc.,* 562 S.W.2d 765, 767 (Mo.App.1978). The record does not indicate that the trial court's ruling was arbitrary.

■ Defendant stresses that he received no notice of the final default hearing.[4] But the defendant is not entitled to service of the notice of default as a matter of right. Rule 43.01(a). Generally, a party who has been properly summoned is charged with notice of all subsequent proceedings, though no actual notice has been received. *Harriman v. Household Finance Corp.,* 608 S.W.2d 117, 118 (Mo.App.1980). Plaintiffs were not required to give defendant notice as to when the Rule 74.09 hearing would be held, and the trial court committed no error in proceeding to hear the matter. *Human Development Corp. of*

*Metropolitan St. Louis v. Wefel,* 527 S.W.2d 652, 656 (Mo.App.1975). *See In re Marriage of Millsap,* 559 S.W.2d 69, 71 (Mo.App.1977), holding no notice of hearing required on default in child custody modification proceeding.

■ Defendant contends that the evidence is insufficient to establish his liability. However, by the interlocutory judgment of default, all allegations of the petition which did assert liability are admitted. *Sumpter v. J. E. Seiben Construction Co.,* 492 S.W.2d at 154.

■ Finally, defendant implies that plaintiffs' counsel was duplicitous by failing to inform the court that he had received a copy of defendant's answer, though no pleading appeared in the court file. The record fails to support a finding of any chicanery which would serve as a basis for overturning the trial court's action.

Judgment affirmed.

CRIST and SIMON, JJ., concur.

---

2. See Rule 74.05 allowing default judgment to be set aside for good cause before damages assessed for final judgment rendered.

3. Defendant argues as a defense that the contract was between plaintiffs and defendant corporation—not involving him as an individual.

4. Defendant asserts St. Louis County Circuit Court Local Rule 36.1.4 regarding notice to be given to parties in default matters. This item is not preserved as having been raised for the first time on this appeal, and the rule, which applies only to dissolution proceedings, was not in evidence. *In re Marriage of Dickey,* 553 S.W.2d 538, 540 n.2 (Mo.App.1977); *Cusack v. Green,* 252 S.W.2d 633, 635 (Mo.App.1952).