**L.J. ROSS, CO., a corporation,
Plaintiff-Respondent,**

v.

**Michael VAUGHN and Warren Suche,
d/b/a V & S Construction Co.,
Defendants-Appellants.**

No. 47782.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 26, 1984.

Joseph B. Dickerson, St. Louis, for defendants-appellants.

Charles M.M. Shepherd, Clayton, for plaintiff-respondent.

PUDLOWSKI, Judge.

This is an appeal from a default judgment on a petition to enforce a mechanics' lien. Plaintiff prayed for judgment against defendants Michael Vaughn and Warren Suche, doing business as V & S Construction Co. for money damages, ($4,249.42) plus interest and costs of suit. Plaintiff also prayed for a valid mechanics' lien on the interests of defendants Gerald N. Quinn and his wife Anna M. Quinn in their residential property located in St. Louis County. Plaintiff further prayed that the mechanics' lien be deemed prior and superior to a deed of trust held by defendant Commerce Bank of Kirkwood, that the property subject to the lien be sold to pay the amount claimed plus interest and expenses of sale, and that the various rights and interests of the lien claimants be determined. If the court determined that no valid mechanics' lien existed, plaintiff prayed for a personal judgment against defendants Vaughn and Suche, doing business as V & S Construction Company, and defendants Quinn, in the amount of $4,249.42 plus interest and costs of suit.

All defendants received summons by personal service. A default judgment was entered against all defendants but was subsequently set aside as to defendants Quinn, who filed an answer the same day. At a subsequent default hearing, judgment for plaintiff and against all defendants was entered as follows:

Now on this 17th day of August, 1983, this cause being called and Plaintiff be-

ing present in person and by counsel and Defendants Quinn being present by counsel and Defendants Vaughn and Suche and Commerce Bank of Kirkwood remaining in default now, on the evidence produced, the court herein grants judgment in favor of Plaintiff and against Defendants <u>Quinn,</u> Vaughn and Suche d/b/a V & S Construction Company <u>and Commerce Bank of Kirkwood</u> in the principal sum of $4,249.42 plus interest in the sum of $789.95, together totaling $5,039.37. <u>Judgment of mechanics lien granted as prayed.</u> Costs herein assessed against Defendants Vaughn and Suche. (Underscored portions were hand-written into the judgment).

On September 16, 1983, Vaughn and Suche, appellants, filed a motion to set aside the default judgment and a notice of appeal. On October 3, 1983, they filed a motion to set aside the default judgment for irregularity on its face in accordance with Supreme Court Rule 74.32. On October 5, 1983, the two motions were respectively denied and overruled.

■ Our Supreme Court recently held that a default judgment is not appealable in the absence of a motion to set aside or vacate the judgment. *Vonsmith v. Vonsmith,* 666 S.W.2d 424 (Mo. banc 1984), *on transfer,* 666 S.W.2d 426 (Mo.App.1984). In the case at bar, appellants filed a motion to set aside or vacate on the thirtieth day. While a motion made more than fifteen days but less than thirty days after judgment will not extend the time during which the court may act from thirty to ninety days, it does meet the requirements of *Vonsmith* and confer jurisdiction to this court to entertain the appeal. *Chatman v. Civic Center Corporation,* 682 S.W.2d 31 (1984).

In addressing appellant's argument that the trial court erred in denying the motion to set aside the default judgment, we note that the trial court lacked jurisdiction to make the ruling. The trial court entered its default judgment on August 17, 1983. Thirty days after entry of the judgment, appellants filed their motion to set aside the judgment. A hearing was held and the motion was denied on October 5, 1983; 49 days after the judgment of default was entered.

■ To extend the time during which the trial court may act from thirty to ninety days, a motion to set aside judgment must be entered within fifteen days from the entry of judgment. *State ex rel. Stoffer v. Moore,* 628 S.W.2d 637 (Mo. banc 1982). The fifteen day requirement was not met in this case by appellant, meaning the time in which the trial court could act was not extended as it would have been under Rule 81.05 if the motion had been timely filed. Since the trial court did not act within the time restraints of Rule 75.01, the judgment became final for the purposes of appeal on the thirtieth day after its entry, September 16, 1983. As a result of the trial court not ruling on appellants' motion during the thirty days granted pursuant to Rule 75.01, the motion was effectively denied by operation of law on September 16, 1983. Thus, the issue of whether or not the trial court erred in failing to set aside the default judgment is properly before us.

■ In order to justify a trial court in setting aside a default judgment, the defendant must establish a meritorious defense and a good reason for the default. The general rule is that where the application, motion to set aside, or hearing thereon discloses a meritorious defense and also shows reasonable diligence or excuse for default or non-appearance and no substantial injury to plaintiff from a delay, the trial court should exercise its discretion in favor of trial on the merits. *Schoenhoff v. Owens,* 564 S.W.2d 273, 275 (Mo.App.1978).

■ The basis for appellant's contention is that this dispute had been referred to another attorney and they assumed that he had entered his appearance on their behalf. While the negligence of counsel is generally imputable to the client, there are circumstances in which a default may be set aside because the client is free of any lack of diligence. Such a situation occurs

when counsel abandons the defense of a case without notice to the client, *Schoenhoff v. Owens,* supra, or when counsel withdraws from a case without informing his client of an imminent trial date. *Murray v. Sanders,* 667 S.W.2d 426, 429 (Mo. App.1984). The record on this appeal is devoid of any facts which support appellants' assertion and thus there is no basis for us to apply the rule. Accordingly, their counsel's negligence must be imputed to appellants, and we find that they have not shown reasonable excuse for default. There being no other facts raised in their claim to show whether appellants have a meritorious defense or whether plaintiff would be prejudiced by setting aside the default judgment, we find no merit to their claim.

■ Vaughn and Suche's motion to set aside the default judgment also alleges that the damages awarded exceed the amount of relief prayed for and therefore violates Rule 74.11. Plaintiff only sought a money judgment against appellants, not a joint judgment against all of the defendants. While the judgment does grant more relief than that prayed for, appellants have no standing to raise this argument. The judgment does not exceed the relief prayed for as to them. It is only excessive as to the other defendants, who are not parties to this appeal.

■ Appellants further argue that the damages awarded exceed the relief prayed for in that the interest on $4,249.42 was improperly calculated. Although the $789.95 awarded by the circuit court does exceed the correct amount of interest, this is not the type of excessive judgment contemplated by Rule 74.11. *Rook v. Oliver Trucking Co.,* 505 S.W.2d 157 (Mo.App. 1973). The correct amount of interest is $705.93. Accordingly, we remand this portion of the judgment to the circuit court for modification pursuant to this opinion.

■ Appellants also contend that the trial court erred in overruling their motion to set aside the default judgment for irregularity on its face in accordance with Supreme Court Rule 74.32. We have no jurisdiction to address this issue.

Appellants filed their Notice of Appeal on September 16, 1983, the thirtieth day after the judgment. This notice was premature and became effective on September 17, 1983, the first day after the thirty day period following rendition of the judgment. Only those issues raised prior to September 17, 1983 would be subject of appeal.

Accordingly, the filing on October 3, 1983 of the motion to set aside judgment for irregularity on its face did not present any issues available for consideration in this appeal from the judgment of August 17, 1983. Appellants, if aggrieved by the action of the trial court on its motion to set aside for irregularity, then and thereafter had the right of appeal from that action. Appellants have not availed themselves of that right of appeal from the October 5, 1983 ruling, but rather have attempted to engraft that matter on the herein appeal without having complied with all of the procedural requirements. As a result, all of the points relied on by appellants herein which have their source in the motion to set aside judgment for irregularity on its face are not eligible for consideration by this Court in this appeal.

Judgment affirmed in part, and remanded to the circuit court for modification in conformity with this opinion.

SIMON, J., concurs.

CRIST, P.J., concurs in result.