**R.C. STEWART, Appellant,**

v.

**Louise STEWART, Respondent.**

**No. 49014.**

Missouri Court of Appeals,
Eastern District, Division Three.

June 18, 1985.

Irvin Dubinsky, St. Louis, for appellant.

Gary R. Sarachan, Sarachan & Fox, St. Louis, for respondent.

CRIST, Judge.

Husband appeals an order setting aside a default judgment for irregularity under Rule 74.32 in a marital dissolution. We reverse.

The relevant dates and proceedings are as follows:

| Date | Event |
| --- | --- |
| February 16, 1984 | Wife filed petition for dissolution. Husband was never served with process. |
| February 23, 1984 | Husband filed petition for dissolution. |
| March 1, 1984 | Wife was served with petition and summons. |
| March 3, 1984 | Wife's lawyer (Yatkeman) received petition and summons from wife. At no time thereafter did Yatkeman enter his appearance as wife's lawyer, or file any pleadings. |
| April 7, 1984 | Default and inquiry granted husband. Case set for hearing on May 7, 1984. |
| | Husband's lawyer (Dubinsky) notified wife of May 7 setting. Wife notified Yatkeman. |
| | Prior to April 29, 1984, Yatkeman attempted unsuccessfully to speak with Dubinsky on several occasions. Dubinsky did not return the calls. |
| April 29, 1984 | Yatkeman attempted unsuccessfully to speak with Dubinsky. Dubinsky's secretary told Yatkeman the May 7 hearing would be continued. Secretary also discussed wife's separate suit and acted on Yatkeman's request for a copy of husband's petition. |
| May 7, 1984 | Dubinsky took a default judgment without disclosing to the trial court wife had a lawyer who was trying to contact him and to whom his secretary had stated hearing date would be continued. |
| May 7, 1984 | Yatkeman again tried to call Dubinsky. Dubinsky did not return the call. |
| May 11, 1984 | Yatkeman sent Dubinsky a letter about the pending dissolution. Dubinsky did not respond. |
| May 20, 1984 | Yatkeman learned from Dubinsky's secretary the case was heard on May 7. |
| June 25, 1984 | Yatkeman filed a Motion to Set Aside Judgment for Irregularity. |

The trial court set aside the default decree, finding Yatkeman relied on secretary's statement as to hearing date. The court found such reliance was justified. Secretary had apparent authority to make the statements. Yatkeman was deceived by secretary's statement, resulting in his failure to appear.

Yatkeman failed to make an appearance as attorney of record in this case until June 25, 1984, when he filed his Motion to Set Aside for Irregularity the default judgment. This was some months after Yatkeman learned his client had been served with summons in the dissolution proceeding and well over a month after the default judgment was entered. Yatkeman filed no pleadings. He raised no meritorious defense. Dubinsky's impropriety in remaining silent at the hearing does not excuse Yatkeman's negligence.

In *Quattrochi v. Quattrochi,* 179 S.W.2d 757 (Mo.App.1944), a default judgment was entered in a divorce proceeding. The trial court denied defendant's motion to set aside the judgment. Defendant stated, in part, fraud was practiced upon the defendant and upon the court. He claimed opposing counsel violated an informal agreement regarding when further action would be taken in the case. This deception resulted in the default. In *Quattrochi* this court affirmed the trial court's ruling stating:

> Defendant's counsel may well have been misled by the indefinite arrangement for a delay on plaintiff's part for an indefinite time, yet defendant was not entirely excusable of negligence in failing to protect his interests by filing some pleading in the case, or at least in not advising the judge of the court that he desired to be heard in the case. The code provides a complete method for both plaintiff and defendant to protect their interests by appropriate pleadings, and whatever may be said as to ethics and courtesy between lawyers on opposite sides of a case, the fact remains that a defendant has not been diligent in his own behalf when he relies on an indefinite understanding with plaintiff's counsel as to when the case will be heard....

*Quattrochi v. Quattrochi, supra* at 760. As in *Quattrochi,* the actions in the instant case do not constitute a fraud upon the court.

The court found secretary had apparent authority to state the hearing would be continued. Apparent authority is authority which the principal, by his acts or representations, had led third persons to believe has been conferred on the agent. *Hyken v. Travelers Ins. Co.,* 678 S.W.2d 454, 457 (Mo.App.1984). Obtaining a continuance is performing an act constituting the practice of law. Section 484.010(1) RSMo (1978). Secretary agreed to obtain a continuance and reset the case. The record fails to show Dubinsky made representations that reasonably would have led Yatkeman to believe secretary had authority to perform such an act. Wife has not sustained her burden of proving Yatkeman had a right to rely on secretary's statement. See *Orlann v. Laederich,* 338 Mo. 783, 791, 92 S.W.2d 190, 194 (1936).

Yatkeman's negligence in permitting the default judgment is imputable to wife. *Metts v. Metts,* 625 S.W.2d 896, 901 (Mo. App.1981). The default dissolution was not procured by fraud against wife.

Finally, we note in passing the impropriety of invoking Rule 74.32 to set aside a default judgment based on fraud, an argument not raised in appellant's brief. See *Barney v. Suggs,* 688 S.W.2d 356, 358 (Mo. banc 1985).

The trial court's order setting aside the default judgment is reversed.

DOWD, P.J., and CRANDALL, J., concur.