Glenda Sue BROWN, et al.,
Plaintiffs–Respondents,

v.

Billie Ray BEENEY,
Defendant–Appellant.

No. 53946.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 9, 1988.

Jerome J. Duff, St. Louis, for defendant-appellant.

Robert Sandcork, St. Louis, for plaintiffs-respondents.

KAROHL, Judge.

Mother of two children filed a petition for declaration of paternity, custody and an order of child support. The petition was filed on August 8, 1985 and judgment entered on September 8, 1987. Defendant, the alleged father, appeared pro se throughout the proceedings. He filed an answer, a counterclaim, and participated in discovery proceedings, including depositions. The case was set for trial on December 1, 1986, January 20, 1987, March 2, 1987, April 6, 1987, May 18, 1987 and June 29, 1987. In addition, on July 2, 1987, in accord with an agreement of the parties, the court found defendant to be the father of the two minor children and, by consent, ordered child support in the amount of $35 per week per child. Thereafter, the case was reset for trial on August 3, 1987. The case was heard on a final setting of September 8, 1987.

On September 8, 1987, plaintiff appeared with counsel, defendant did not appear. Based on the evidence, the court entered an order "for permanent support of $125 per week for Angela F. Brown (born August 13, 1970) and David B. Brown (born September 26, 1971) payable to Circuit Clerk as trustee...." Plaintiff-mother was granted the general care, custody and control of the children; defendant father was granted reasonable rights of temporary custody and visitation. In addition, the court ordered defendant "to take out hospitalization and medical insurance on said children." Finally, the court dismissed defendant's counterclaim without prejudice for failure to prosecute. It is from this judgment that defendant has attempted to appeal by notice of appeal filed on November 2, 1987. Defendant's substantive claims of error attack the amount of child support as being too high and not supported by all the evidence required by Section 452.340 RSMo 1986.

On September 10, 1987 defendant filed the following motion to set aside the judgment:

Comes now Defendant Billy Ray Beeney and moves that the judgment entered against him on 8th day of September, 1987 be set aside.

Attached hereto are the affidavits of Defendant and Robert A. Beeney in support of said motion.

Defendant requests that the court hear this motion as expeditiously as possible.

This motion was filed by defendant, pro se. On September 16, 1987 an attorney entered his appearance as counsel of record for defendant. The motion to set aside was heard and denied on October 23, 1987.

Plaintiffs-Respondents have not filed a brief with this court. However, we must sua sponte inquire into the timeliness of the notice of appeal. *In re: Marriage of Huey*, 716 S.W.2d 479, 480 (Mo.App.1986). To be effective, a notice of appeal must be filed no later than ten days after the judgment or order appealed from becomes final, Rule 81.04(a), absent a special Appellate Court order permitting a late filing of the notice of appeal. Rule 81.07(a). In the present case the September 8, 1987 judgment became final on October 8, 1987. Rule 81.05(a). A timely notice of appeal was due not later than ten days after October 8, 1987. Rule 81.04(a). In the absence of any special order authorizing a late appeal, the November 2, 1987 notice of appeal was filed.

■ The motion to set aside the judgment under Rule 75.01 does not substitute for a timely motion for new trial filed under Rule 78.04 so as to extend the jurisdiction of the trial court under Rule 78.06. Defendant requested that the court exercise its discretion and vacate the judgment only on one ground: Defendant expected counsel for plaintiffs to notify him by a telephone call if the case was to be tried on the setting date. Defendant did not contest that he received court notice of the setting date. He asserted that he and his son communicated with counsel for plaintiffs and thereby had an understanding that the actual trial proceeding would be confirmed by telephone call. Counsel for plaintiff denied any agreement. At the request of the court he attempted a telephone notice on the setting date. The attempt failed.

The motion to set aside is not directed toward any error of fact or law in the trial or thereafter which are defined as matters for a motion for new trial. Rule 78.07. Nor is the motion to vacate or set aside directed to a default judgment. Defendant was before the court after filing an answer and a counterclaim. Hence, the motion is not a rule 74.05(c) pleading. Finally, the motion to vacate or set aside was not based on a claim of irregularity within the scope of former Rule 74.32. It does not allege any irregularity on the record.

We conclude that defendant's motion was filed only on the authority of Rule 75.01. Neither the motion nor the referenced affidavits suggest that defendant was unaware of the hearing set by the court for September 8, 1987. In the absence of a timely motion for new trial, or a ruling on the Rule 75.01 motion within 30 days, the judgment became final for purposes of appeal on October 8, 1987. *L.J. Ross, Co. v. Vaughn*, 683 S.W.2d 643, 645 (Mo.App.1984). It follows that the order overruling the motion to set aside, entered on October 23, 1987, was entered after the court lost jurisdiction to decide a Rule 75.01 motion. Further, the contention of defendant that he had an agreement for telephone notice was rebutted by testimony of plaintiffs' counsel that no such agreement was made for the setting of September 8, 1987. The trial court was in the best position to judge the credibility of the parties' testimonies.

The motion to set aside was filed on September 10, 1987, two days after entry of judgment. If the motion is treated as a motion for new trial, a Rule 78.04 motion, then the court retained jurisdiction to rule on the motion for ninety days after September 10, 1987. Rule 78.06. However, any ruling on the motion which is entered more than thirty days after the judgment may consider only the grounds stated in the motion. *Munn v. Garrett*, 666 S.W.2d 37, 39 (Mo.App.1984). The motion filed in the present case does not allege the plaintiffs' evidence was insufficient to support the judgment. The claim of error on that account made as defendant's first claim of error, fails because it was not preserved. *Id.* at 39. The trial court was never asked to set aside the judgment because the proof was insufficient to support an order for child support under Section 452.340 RSMo 1986. The only ground in the motion was a failure of plaintiffs' counsel to give telephone notice the hearing would proceed. This is not a Rule 78 ground, one based on error of fact or law. It is a Rule 75.01 claim which must be ruled within thirty days after judgment.

The insufficiency of evidence argument advanced for the first time on appeal cannot convert the Rule 75.01 motion into a motion for new trial so as to render the notice of appeal timely. Defendant's relief from a judgment rendered after a hearing where he claims violation of a notice agreement made with opposing counsel is not available on appeal of a void ruling. After expiration of thirty days the court lacked jurisdiction to set aside the judgment on equitable grounds. *Sprung v. Negwer Materials, Inc.*, 727 S.W.2d 883, 886 (Mo. banc 1987). Moreover, defendant's motion to set aside and the claim of error relating to a breach of a notice agreement do not constitute equitable claims for relief. *Id.* at 888–889. Defendant alleges only that he proved "good excuse for absence of defendant [from] trial hearing." Defendant's claim falls short of alleging and proving a meritorious defense, good reason or excuse, and that no injustice would result from delay occasioned by setting aside the judgment. *Id.* at 889.

Because the motion to set aside may be considered only as a Rule 75.01 motion, the judgment became final on October 8, 1987 in the absence of a special court ruling. Accordingly, the notice of appeal was not timely filed. The motion does not allege grounds for a new trial under Rule 78.07. Nor is the motion to set aside sufficient to support an equitable claim for relief. Accordingly, the notice of appeal was not timely filed. We dismiss.

STANLEY GRIMM, P.J., and GARY M. GAERTNER, J., concur.